## WOOD v. VROMAN.

1. APPEAL AND ERROR—LAW OF CASE ON RETRIAL.

   The opinion of the Supreme Court (215 Mich. 449) reversing the case and ordering a new trial becomes the law of the case on the new trial.

2. SAME—JUDGMENT—RES JUDICATA—ESTOPPEL.

   Where, on the former trial, there was sufficient evidence before the court to present for decision the question as to whether plaintiff, by accepting compensation from his employer under the workmen's compensation act for an accidental injury to his eye was thereby estopped from maintaining an action against a physician for malpractice in treating said injured eye, that decision constitutes the law of the case, and the addition of cumulative testimony does not permit a re-examination of the question.

3. MEDICINE AND SURGERY—MALPRACTICE—TRIAL—EVIDENCE—QUESTION FOR JURY.

   Where plaintiff's action for malpractice was based upon his claim that defendant removed a pustule from plaintiff's eyelid at the same time that he removed a foreign body from the eyeball, and thereby caused an infection which destroyed the eye, and defendant's testimony at the former trial admitting that it would be dangerous to do so, and that he did not do it, was read into the record on the present trial, the question of defendant's malpractice was properly presented to the jury, although on the present trial the testimony of defendant and other physicians that the proper practice would be to remove the pustule at the same time the foreign body was removed was undisputed.

4. SAME—EVIDENCE—INFERENCES FROM ESTABLISHED FACTS SUFFICIENT TO PRESENT ISSUE TO JURY.

   Where plaintiff established facts from which an inference might fairly be drawn that his eye was infected by the introduction of pus in the negligent way he claimed, the trial judge did not err in submitting the case to the

   226—Mich.—40.

jury, although plaintiff did not prove to an absolute certainty that the eye was so infected.

Error to St. Clair; Tappan (Harvey), J.     Submitted January 11, 1924.     (Docket No. 51.)     Decided April 10, 1924.     Rehearing denied June 2, 1924.

Case by Peter M. Wood against Mason E. Vroman for malpractice.     Judgment for plaintiff.     Defendant brings error.     Affirmed.

*Lodge & Brown* and *Lincoln Avery*, for appellant.

*John B. McIlwain* (*David Fitzgibbon*, of counsel), for appellee.

FELLOWS, J.     This case is here for the second time. The opinion when the case was here before (215 Mich. 449) fully states the facts which need not be here repeated.     Nor will it be necessary to take time and space to demonstrate that the rules of law applicable to this case were there correctly stated.     The opinion there filed made the law of the case.     *American Ins. Co.* v. *Martinek*, 216 Mich. 421.     We held when the case was here before that plaintiff made a case for the jury and reversed the case for the refusal to give certain requests.

It is now insisted, as it was when the case was here before, that the action taken by plaintiff before the (then) industrial accident board and the acceptance of compensation from Beard, Campbell & Company estops plaintiff from maintaining this suit, and it is insisted that the present record presents that question as a new one.     It is true that the present record contains more of detail of the proceedings before the board than the former record.     But there was sufficient upon the former record to present the question for decision; it was decided and the decision con-

stitutes the law of the case. The addition of cumulative testimony does not permit a re-examination of the question. We there held that the proceedings might be considered as affecting the credit to be given plaintiff's present claim but that they did not bar recovery.

Upon the present trial the defendant and other physicians called by both parties testified that proper practice required the opening of a pustule or sty if one existed on the lid of plaintiff's eye at the time the foreign substance was removed from the cornea of the eye; that its opening and drainage would tend to prevent infection which might result if left to open by natural process when no one was present to attend to it. It is insisted that this presents a different record than when the case was here before, and counsel strenuously urge that if the sty was opened by defendant it was a part of the treatment necessarily incidental to the removal of the foreign substance from the eye, a part of the one operation, and that the original injury at Beard, Campbell & Company's was the proximate cause of the result for which defendant was not liable. If this testimony was undisputed, a different question would be before us than we had upon the former record. But it is not undisputed. Much of defendant's testimony given on the former trial was introduced in evidence by both parties. On the former trial he testified:

"*Q.* If you were called upon to remove a foreign particle from a man's eye and that man at that time had a pustule on his eye, would you consider it good practice to open that pustule on his eye? Would you consider it good practice to open that pustule after removing that foreign body?

"*A.* No, sir.

"*Q.* And in your practice would you do it?

"*A.* No, sir.

"*Q.* And that is one of the first things you learn in your line of work, is it not?

"*A.* To avoid infection, yes.   *   *   *

"*Q.* You would not have opened it had it been there?

"*A.* I wouldn't open it, no, sir.

"*Q.* Why would you not have opened it?

"*A.* It might possibly become infected, even a low infection might give you some little trouble.

"*Q.* And could you remove it by taking care so that it couldn't become infected; couldn't you remove the pus that is in the pustule and flush it out?

"*A.* Without taking any chances?

"*Q.* With taking less chances than by leaving it there?

"*A.* No, sir."

Upon the present trial defendant explained this testimony by saying that he referred to the eye proper, the eyeball, but it further appears that he also testified on the former trial as follows:

"Now, you say that you did not remove any pustule from his eyelid?

"*A.* Opening any?

"*Q.* Opening any?

"*A.* No, sir.

"*Q.* And you testify to that as a matter of memory, do you, and not as a matter of reasoning?

"*A.* As a matter of reasoning and memory both.

"*Q.* What part of it is reasoning on it?

"*A.* That if a pustule was there I wouldn't open it at the time of removing a foreign body."

These were admissions by defendant against interest. The testimony above quoted was in conflict with that of defendant and the other physicians on this subject at the present trial. This made an issue of fact for the jury. There was much of defendant's testimony given on the former trial read into the record, which it is unnecessary to quote. Upon the present trial he denied, as he did before, that he opened any pustule or sty on plaintiff's eye. If he did open a pustule or sty and wipe the pus across the open wound as plaintiff claims he did, there is sufficient in defendant's testimony given on the former

trial and read into this record to take the question of malpractice to the jury.

Much is said about the element of time and the medical testimony deals extensively with the question of infection from streptococcus and staphlycoccus germs, the former being more virulent. The medical testimony is to the effect that infection will develop from streptococcus germs in from 24 hours to 3 days' time, but it is also to the effect that the period varies in different persons. There is testimony in the case tending to show that defendant performed the operation around 10 o'clock in the forenoon of the 1st of August; there is testimony that plaintiff called at the office of Dr. Fraser the next morning around 9 o'clock in the forenoon. He examined the eye and called Dr. Moffatt, an eye specialist, and defendant. At some time that forenoon, the precise hour not being given, some of the pus from plaintiff's eye was put on a slide for microscopic examination and given Dr. Moffatt. He examined it and found both streptococcus and staphlycoccus germs. When the case was here before, it was said:

"The plaintiff was not required to prove to an absolute certainty that the infection was caused by the introduction of the germs in the pus. He was required to establish facts from which such an inference might fairly have been drawn by the jury."

Applying this rule we are constrained to hold that the trial judge did not err in submitting the case to the jury.

The assignments of error relating to the admission of testimony have been examined but need not be discussed. They present no meritorious questions. Defendant preferred 67 requests, a large number of which were given. Error is assigned on the failure to give others. The charge was a most favorable one for defendant. If there was any error in it, it was not to the prejudice of defendant. We have read this

voluminous record of 618 pages and re-read the record when the case was here before. We are not persuaded that the present record upon the vital questions materially differs from the former one.

The judgment will be affirmed.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.