## LeFAIVE v. ASSELIN.

1. PHYSICIANS AND SURGEONS—MALPRACTICE—EXPERT TESTIMONY—EVIDENCE AS TO GOOD PRACTICE.

   In action for malpractice, based on surgeon's failure to remove needle after performing operation for appendicitis, it was not necessary for plaintiff to show by expert witnesses that it was not good practice to sew up incision without removing needle.

2. SAME—SUFFICIENCY OF EVIDENCE—CONJECTURE—CONCESSION.

   In said action, finding of trial judge that defendant was negligent, *held*, not to rest on conjecture; especially in view of concession by defendant's attorney.

3. SAME—NEGLIGENCE—FAILURE TO REMOVE NEEDLE.

In absence of some explanation by surgeon, his sewing up incision, after performing operation, without removing needle, was negligence.

4. DAMAGES—REASSESSING DAMAGES—EXCESSIVE AWARD.

Where, in assessing damages for malpractice at $1,000, trial judge awarded less than plaintiff's pecuniary loss and allowed nothing for pain and suffering, there was no error in reassessing damages and awarding additional amount of $250; said judgment being reasonably modest and in line with evidence.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 11, 1933. (Docket No. 102, Calendar No. 37,001.) Decided April 4, 1933.

Case by Harry J. LeFaive against John L. Asselin for malpractice. Judgment for plaintiff. Defendant appeals. Affirmed.

*Sempliner, Dewey, Stanton & Bushnell,* for plaintiff.

*Brown, Stoneman, Lorenzo & Springstun,* for defendant.

McDONALD, C. J. The defendant is a surgeon engaged in the practice of his profession in the city of Detroit. He operated on the plaintiff for appendicitis on the 8th day of August, 1928. For many months after the operation the plaintiff was troubled with a soreness and pain in his side. He consulted defendant, who gave him internal medicine, advised him to wear an abdominal belt, and have his tonsils removed. The condition of the plaintiff did not improve. He was unable to do the work 'at which he was employed prior to the operation. He went to Canada on a visit to his parents. While there, his condition having grown worse, he con-

sulted a physician, who took an X-ray, which revealed the presence of a curved surgical needle imbedded in the region about the appendectomy scar. The needle was removed on September 4, 1929, since which time the plaintiff has suffered no pain or discomfort. The plaintiff returned to the city of Detroit and brought this suit to recover damages for pain and suffering and loss of wages which he claims to have sustained by reason of the defendant's negligence in failing to remove the needle before he closed the incision which he made in performing the operation. The issue was tried by the court without a jury. At the close of the plaintiff's proofs, the defendant moved for a directed verdict on the ground that the plaintiff had not made a *prima facie* case of negligence. The motion was denied, and defendant rested without submitting any proofs. Judgment was entered in favor of plaintiff for $1,000. Subsequently, on motion of the plaintiff, there was a reassessment of the damages, and an amended judgment entered for $1,250.

The defendant filed a motion to vacate the judgment and for the entry of a judgment in his favor or for a new trial. On the denial of this motion he appealed.

It is urged as cause for appeal that the court erred in refusing to direct a verdict and enter judgment in favor of the defendant, on the ground that there was no evidence of negligence.

It is contended by the defendant that the conclusion of the trial court is based on conjectures and inferences; that there is no evidence as to how the needle got into the plaintiff's body; that there is no evidence by physicians or surgeons that defendant's acts were not in accordance with the recognized standards of practice by the profession, and that in

malpractice cases such evidence is necessary to establish negligence.

In the majority of such cases the professional standard of practice is necessarily involved and requires testimony of competent experts. But in this case there is no question of skill or judgment, no question of practice beyond the knowledge of laymen. So it was not necessary for the plaintiff to show that it was not good practice among surgeons in performing operations to sew up the incision without removing a needle or other surgical instruments. As said by Mr. Justice Wiest in *Ballance* v. *Dunnington,* 241 Mich. 383, 387 (57 A. L. R. 262), even the merest tyro would know this was improper.

The finding of the court as to when and how the needle got into the plaintiff's body does not rest on conjecture. On the trial, counsel for the defendant made the following concession:

"We can agree on the record that plaintiff's abdomen had not been operated on prior to the appendectomy by Dr. Asselin, and it is not our claim that the needle entered plaintiff's body from any other source."

Apart from this concession, the only possible inference from the proven facts is that the needle was left in the wound by the defendant. In the absence of some explanation by him, sewing up the incision without removing the needle was negligence. The trial court did not err in refusing to direct a verdict for the defendant, or to enter a judgment in his favor, or to grant a new trial on the ground that there was no evidence of negligence.

It is further contended by the defendant that the trial court erred in reassessing the damages and amending the judgment.

In his motion for reassessment of the damages, the plaintiff called the attention of the court to the

fact that the damages awarded were less than his pecuniary loss as shown by the evidence, and that no damages had been allowed for pain and suffering. On the hearing an additional amount of $250 was awarded. We think the amount of the judgment is reasonably modest and is in line with the evidence.

We find no error. The judgment is affirmed, with costs to the plaintiff.

Clark, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.