MAPES v. BERKOWITZ.

1. PHYSICIANS AND SURGEONS—MALPRACTICE—HYPOTHETICAL QUESTIONS.

In action for malpractice in which plaintiff sought to present opinion testimony by hypothetical question embracing assumed facts not previously testified to, objection to such testimony was properly sustained.

2. EVIDENCE—HYPOTHETICAL QUESTIONS.

A hypothetical question may not embrace facts not supported by evidence.

3. PHYSICIANS AND SURGEONS—MALPRACTICE—RECORD.

In action for malpractice incident to removal of fibrous tumor from uterus and an infected appendix, record failed to show defendant doctors did not take proper precautions when they operated on plaintiff, that they were negligent in performing the operation or that they did not give proper postoperative attention.

Appeal from Wayne; Brown (William B.), J., presiding. Submitted January 5, 1943. (Docket No. 25, Calendar No. 42,112.) Decided February 23, 1943.

Case by Ethel Mapes against William E. Berkowitz and William J. Cassidy for malpractice. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Austin G. Van Hove,* for plaintiff.

*Humphreys Springstun* and *Douglas, Barbour, Desenberg & Purdy,* for defendants.

Skill required of physicians, see 2 Restatement, Torts, § 299, comment (d).

CHANDLER, J.   This action was instituted by plaintiff against defendants, alleging malpractice on their part in an operation performed by them on plaintiff for the removal of a fibrous tumor from the uterus and an infected appendix, and for failure to give her proper medical treatment and advice prior to and subsequent to the operation.

At the close of plaintiff's proof, defendants moved for a directed verdict of no cause of action which was granted by the trial court, and a judgment was entered for defendants.   Plaintiff appeals.

Appellees' brief was filed some weeks prior to that of appellant, and contains what purports to be a correct statement of facts which we adopt in view of acceptance of the statement by plaintiff.   Such facts as stated by the appellees and accepted by plaintiff are as follows:

"In 1937, plaintiff consulted defendant Berkowitz, her family physician for 20 years, concerning her appendix, and made arrangements for its removal at St. Mary's Hospital, where this was done in September of 1937.   Some one of the employees of the hospital took some blood from plaintiff's arm, but this was not done by either defendant.   After the operation, plaintiff was visited a few times by defendant Berkowitz and sent home.   She never saw her hospital chart.   A Dr. Delucia, an interne at St. Mary's Hospital and in the employ of the hospital, told her that her blood was "four plus," without further explanation, and when plaintiff repeated this to defendant Berkowitz, he told her not to be silly and that if there was anything wrong with her he would tell her, and made no further explanation.

"Plaintiff left St. Mary's Hospital and except for one visit at her home shortly thereafter she did not see Dr. Berkowitz for more than a year, as another doctor was taking care of her.   She then went to Dr. Cassidy.   In 1939, having removed to St. Louis, Mis-

souri, she consulted Dr. Mistachkin of that city, who took her blood (test) and told her it was four plus, and started giving her an injection. She had had trouble with her eyes and can hardly see at all and had lost her teeth, but she worked some of the time and is now under the care of Dr. Rogin in Detroit. She did not see Dr. Cassidy before the operation at St. Mary's Hospital in September, 1937, and Dr. Cassidy never treated her after the operation except the one time she went to see him when she became sick shortly thereafter, although Dr. Cassidy came to see her once or twice while in the hospital, but she never had any conversation with him about a tumor or anything else and never received any treatment from him and he was not her physician.''

Likewise, both parties state the question involved on this appeal as follows:

"Should the trial court have sustained defendants' objections to the testimony of Dr. Claude Behn?''

Appellant contends the answer should be in the negative. Appellees contend that the trial court correctly answered the question in the affirmative.

"*By Mr. Van Hove* (plaintiff's attorney): Now, doctor, assuming a woman 40 years of age consults a physician who advises her to submit to an operation and during the routine preparation for the operation there is a blood test to determine whether or not the patient has syphilis and the result therefrom was positive, and assuming further that the physician never disclosed the result of the test to the patient and that she asked him if she had syphilis and he told her she did not have and never at any time gave any treatment for syphilis, now, doctor, assuming the facts stated in the question to be true, have you an opinion resting upon reasonable certainty from a medical and surgical point of view as to whether or not the course pursued by the physician

was such a course as could be pursued by a skillful and careful physician engaged in the same line of work in the city of Detroit in September, 1937?

*Mr. Springstun:* "Objected to if the Court please, the witness has not been qualified, qualified as an expert witness, I mean for the purpose of giving opinionative testimony and the hypothetical question is not proper in form, not in the province of the jury, it includes in it matters not in the testimony.

*The Court:* "I think the last point made in the objection is good, there are recitals in the question that the evidence doesn't support.

*Mr. Van Hove:* "My recollection of the plaintiff's testimony was that she had testified to the facts as set forth in this hypothetical question, that she had visited the doctor, who had prescribed an operation, that she had submitted to it, a blood test was taken—

*The Court:* "Did she testify a blood test was taken?

*Mr. Van Hove:* "Yes, she did.

*The Court:* "I didn't read any such testimony, somebody in the hospital took some blood from her arm and ear, but did anybody testify a test was taken?

*Mr. Springstun:* "No testimony a test was taken, nobody testified they made a test.

*Mr. Van Hove:* "The testimony was they took blood from her.

*The Court:* "Yes, no doubt about that, but that doesn't constitute a test.   *   *   *   .

"The elements of this question are not supported by the testimony in the case, that is all the Court can rule, and being a hypothetical question, there must be some testimony to support each claim in the question or it cannot be submitted. In fact on a hypothetical question the jury have to find from the evidence that each element in the question is supported by the evidence, not only intimated, so they.

can find that has been established, there are several elements that the testimony doesn't form a basis for. If you have testimony to show what was done at the hospital, put it on, let us know what it is.

*Mr. Van Hove:* "The hospital records are being subpoenaed right now.

*The Court:* "They should have been here yesterday morning, this is practically a day late, but I am willing to wait a little while.

*Mr. Van Hove:* "I cannot ask the doctor to wait, the question was asked then the objection is sustained.

*The Court:* "Yes, the objection is good and sustained.

*Mr. Van Hove* (continuing): "Q. I will ask another question of the doctor; assuming that the physician who held the fact his patient had syphilis and assuming that the patient did not find out that she was so infected until a year and a half later and did not receive any treatment from the doctor or from anyone else for syphilis until the time she did find out she was infected, have you an opinion based on reasonable certainty from a medical point of view, whether or not a treatment might have alleviated the progressive cause of the case?

*Mr. Springstun:* "That also contains elements not in the testimony and otherwise states testimony to the contrary of the testimony of Mrs. Mapes.

*The Court:* "The testimony of the doctor now being in St. Louis, whose deposition was read this morning, was to the effect he could not tell when this examination or treatment of her took place whether the woman had syphilis or not, or whether it was positive or progressive, it would be the same ruling.

*Mr. Van Hove:* "I believe his testimony was that the plaintiff might have had it for at least two years.

*The Court:* "Anybody might have it.

*Mr. Van Hove:* "That was based on his medical experience.

*The Court:* "That doesn't help it any.

*Mr. Van Hove:* "That is all, doctor.
*Mr. Springstun:* "That is all.
*Mr. Van Hove:* "In that case, the plaintiff rests."

A careful review of the record unquestionably discloses that it is entirely barren of facts forming a basis for the hypothetical questions asked the witness, Dr. Behn.

Further, the record contains no testimony even tending to show that defendants did not take proper precautions when they operated on plaintiff; that they were in any way negligent in the performance of the operation; or that they did not give her proper medical attention subsequent thereto.

The trial court did not err in sustaining defendants' objections to the questions asked Dr. Behn and in directing a verdict of no cause of action.

The judgment is affirmed, with costs to defendants.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.