### PEDLER v. EMMERSON.

PHYSICIANS AND SURGEONS—OSTEOPATHS—STANDARDS OF PRACTICE—HAND INJURY.

> The standards of practice of osteopaths in the treatment of an injury to a hand in which plaintiff alleges defendant osteopath failed to suture cut tendons, which resulted in impairment of ability to flex right index finger, may not be shown by the testimony of an allopath who stated that defendant's method of treatment was not in accord with the standards of practice of allopaths and that from an osteopath the witness had learned that the standards of practice in such matters by the allopaths and osteopaths were the same, since the witness was not competent to testify by reason of his own knowledge and such hearsay evidence was not admissible.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 8, 1951. (Docket No. 48, Calendar No. 45,070.) Decided September 5, 1951. Rehearing denied December 3, 1951.

REFERENCES FOR POINTS IN HEADNOTES

41 Am Jur, Physicians and Surgeons § 85.
Competency of physician or surgeon of school of practice other than that to which defendant belongs to testify in malpractice case. 78 ALR 697.

Case by Charles Pedler against Richard Emmerson for damages caused by alleged malpractice. Verdict and judgment for plaintiff. Reversed.

*Walter M. Nelson,* for plaintiff.

*Snider & Feikens,* for defendant.

DETHMERS, J. This is an action for malpractice. Defendant, an osteopath, treated a cut in the palm of plaintiff's hand and, as plaintiff claims, failed to suture cut tendons, with the result that plaintiff's ability to flex the phalanges of his right index finger is impaired. An allopath testified, over defendant's objection, in answer to a hypothetical question based on plaintiff's claims as to the facts relating to the manner of treatment given the injury by defendant, that in his opinion such treatment was not in accord with the standards of practice and, for that reason, could have and probably did cause the untoward result. He also related what, in his opinion, would constitute standard practice. Without his testimony there is nothing in the record to support plaintiff's claim that the treatment given by defendant amounted to malpractice.

Plaintiff urges in support of the allopath's qualifications as an expert witness in this case his licensure in 1904 for and his actual practice of medicine until 1909; his years of experience since then as a drug salesman, in which capacity he called upon and talked with many physicians about medical problems but during which time he appears to have had a sporadic but scant medical practice; and finally, his having made an investigation, at the request of plaintiff's attorney, of the standards of practice in such cases, which consisted of reading certain books and papers written by allopaths and of talking with surgeons.

We need not relate all the facts bearing on, nor need we decide, defendant's claim that the witness did not so much as qualify as an expert witness even in the field of allopathic medicine and surgery. At all events, he made no claim of having had training or experience in the field or practice of osteopathy or direct knowledge of the subject, nor to have learned specifically from any osteopathic sources what constitutes the standard practice of that profession in the treatment of severed tendons. He professed to know the standards of practice of allopaths and testified that, at the request of plaintiff's attorney, he had had an anonymous telephone conversation with an osteopath who told him that the standards of the 2 professions were the same and that osteopathic schools use textbooks written by allopaths. If defendant's treatment of plaintiff's injury is thus to be stamped as negligent by the word of another osteopath it must be, for the purposes of this case, by the latter's sworn testimony given in the case and not via the hearsay route as here attempted. Defendant's answer may not fairly be construed to contain an admission, as plaintiff suggests, that the applicable standards of osteopaths and allopaths are the same.

Under our holding in *Bryant* v. *Biggs, ante,* 64, this day decided, it must be held that the witness was not shown to be competent to testify in this case as to whether defendant exercised due and proper care according to the applicable test. This is not a case like *Winchester* v. *Chabut,* 321 Mich 114, or *LeFaive* v. *Asselin,* 262 Mich 443, involving "no question of skill or judgment, no question of practice beyond the knowledge of laymen" in which the negligence of the treatment would be self-evident to the merest tyro, thus obviating the necessity for expert opinion evidence. Without it plaintiff cannot prevail. It follows that defendant's motion for a directed

verdict, denied by the trial court, should have been granted and that the judgment for plaintiff, based upon a jury verdict, should be and it is hereby reversed without a new trial.   Costs to defendant.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.