ROBERTS *v.* YOUNG.

1. PHYSICIANS AND SURGEONS—MALPRACTICE—CAESARIAN SECTION—
   RISK OF INFECTION—EVIDENCE.

   The exclusion in malpractice action of deposition evidence as to risk of infection following a Caesarian section, given by a physician who had treated plaintiff following such operation *held*, not error, where such witness had not been present at the time of the operation nor furnished with a statement of facts as to what had occurred thereat, had stated that such result was possible but did not express an opinion that such was the case with plaintiff woman, and proofs adduced indicated that in any major surgical procedure there is always a risk of infection, such sequence not being actionable unless caused by the failure of the attending physician or surgeon to observe proper care in treating the patient.

2. APPEAL AND ERROR—EXCLUSION OF EVIDENCE.

   The exclusion of testimony that would not have affected the outcome of the case had it been received was not error.

3. PHYSICIANS AND SURGEONS—DEGREE OF SKILL AND CARE REQUIRED
   —EVIDENCE.

   A practitioner of medicine or surgery cannot be required to guarantee results, all that can be demanded of him being that

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 6] 41 Am Jur, Physicians and Surgeons §§ 128–131.
  Duty and liability of physician or surgeon in pregnancy and childbirth cases. 141 ALR 111.
[2] 5 Am Jur 2d, Appeal and Error § 803.
[3] 41 Am Jur, Physicians and Surgeons § 78 *et seq.*
[4] 41 Am Jur, Physicians and Surgeons §§ 128–131.

he bring and apply to the case at hand that degree of skill, care, knowledge, and attention ordinarily possessed and exercised by practitioners of their profession under like circumstances; and the bare fact that full recovery does not result, or that a surgical operation is not entirely successful, is not in itself evidence of negligence.

4. Evidence—Professional Skill—Malpractice.

Matters of special knowledge strictly involving professional skill and attention must be shown by the testimony of those learned in such matters in an action for malpractice wherein it is alleged the defendant was unskillful, negligent, or failed to do that which ought to have been done.

5. Physicians and Surgeons—Malpractice—Directed Verdict— Expert Testimony.

Directed verdicts for defendant osteopathic physician in action for malpractice in connection with Caesarian section *held*, justified, where there was *no* expert testimony that proper standards of practice had not been duly observed and the cases were not such as to permit a jury to draw adverse conclusions based on their unprofessional notions.

6. Same—Osteopath—Caesarian Section—Sterilization—Advising Patient as to Risk of Infection.

Whether or not defendant osteopath was liable for his failure to advise pregnant woman that infection was a possibility which might follow combined Caesarian section and sterilization before performance of such operation when she was pregnant with her eighth child is a matter to be determined in accordance with the general practice customarily observed by practitioner in good standing in defendant's school of treatment, where he testified he considered the operation necessary because of vaginal varicosities suffered by the patient, as the situation involved expert knowledge of the probable consequences.

Appeal from Huron; Bach (Arthur M.), J. Submitted December 4, 1962. (Calendar Nos. 86, 87. Docket Nos. 49,226, 49,227.) Decided February 6, 1963.

Consolidated cases by Raymond Roberts and Donna Roberts against Roy Young and Ira Dean McCoy for malpractice in connection with surgical

operation. Directed verdict and judgments for defendants. Plaintiffs appeal. Affirmed.

*Davies & Moesta (Joseph R. Brom,* of counsel), for plaintiffs.

*Feikens, Dice, Sweeney & Sullivan (Robert E. Dice,* of counsel), for defendant Young.

CARR, C. J. These cases were instituted in the circuit court of Huron county for the recovery of damages on the theory of malpractice on the part of defendants in their professional capacities, and were consolidated for trial. Defendant Young at the time of the occurrence of the events giving rise to the alleged causes of action was a practicing osteopathic physician in said county, and the other defendant was a practicing physician and surgeon therein. It was the claim of the plaintiffs as set forth in their pleadings that defendant Young was employed to care for and treat Mrs. Roberts during her 8th pregnancy and the birth of her child, that at the procurement of said defendant Dr. McCoy performed a Caesarean operation alleged to have been unnecessary and improper, that abdominal infection followed, that Mrs. Roberts was subjected to severe illness and suffering, that expenditures by her husband for hospital and medical treatment were required, and that such results followed from the conduct of defendants. It was specifically alleged also that defendant Young failed to properly advise Mrs. Roberts of conditions that might follow the operation.

Defendants by their respective answers to the declarations denied any breach of duty or improper professional conduct on their part, and denied that the condition of which Mrs. Roberts complained was the result of malpractice by them or either of them.

It was the claim of each that they had exercised that measure and degree of care customarily observed by practitioners of their respective schools of treatment for the care and alleviation of human ailments commonly observed in the community by such practitioners. The cases were tried before a jury. Defendant Young was called for cross-examination by counsel for the plaintiffs and testified at some length. In substance it was his claim that he had in all respects observed the generally accepted standards of practice of members of his profession in good standing in the community, and that the unfortunate effects that followed the operation undergone by Mrs. Roberts did not result from any neglect of duty in connection with the treatment of the patient. The other defendant was not called as a witness.

Mrs. Roberts testified as to her conferences with defendant Young, indicating that during a prior pregnancy she had discussed with him the matter of a Caesarean operation and sterilization, no operation being performed at that time. She testified also that she had been troubled with varicose veins. The following excerpt from her testimony indicates that she was reasonably informed as to the nature of the proposed operation:

"*Q.* Further you knew what was meant by a Caesarean, didn't you?

"*A.* Yes.

"*Q.* You knew it would involve a cutting of your abdomen?

"*A.* Yes.

"*Q.* Down the center?

"*Q.* And the removal of your child in that manner?

"*A.* Yes.

"*Q.* And you also knew what the term 'tubal ligation' meant?

"*A.* Yes.

"*Q.* You knew that it meant that the Fallopian tubes would be tied and then you would have no danger of becoming pregnant?

"*A.* Yes.

"*Q.* And you knew they were going to do both in the same procedure?

"*A.* Yes.

"*Q.* And all of this was known to you and agreed by you and your husband before it was performed?

"*A.* Yes.

"*Q.* Now, Mrs. Roberts, further, you are not claiming in this case that either Dr. McCoy or Dr. Young caused any infection, are you?

"*A.* No."

Testimony was also offered on behalf of plaintiffs to the effect that subsequent to the operation and while in a hospital Mrs. Roberts developed pneumonia and was transferred for treatment to the Detroit Osteopathic Hospital. Depositions of physicians who treated her there were received in evidence. One of said witnesses was asked certain questions with reference to the possibility of infection having resulted from the performance of the Caesarean section. Such testimony was objected to and was excluded by the trial judge. The witness was not present at the operation and was furnished with no statement of facts as to what had occurred thereat. Subject to the objection, he was permitted to answer the question by stating that such result was possible. He did not undertake to express the opinion that such was the case, nor is there any showing in the record that the infection from which Mrs. Roberts suffered was the result of any act or omission of either of the defendants. It is a fair conclusion from the proofs that in any major surgical procedure there is always a risk of infection. Such sequence is not actionable unless caused by the failure of the attending physician or surgeon to observe

proper care in connection with the treatment of the patient. The exclusion of the testimony to which objection was made was not error. Had it been received the outcome of the case would not have been affected. At the conclusion of plaintiffs' proofs defendants submitted motions for directed verdicts which the trial judge granted, pointing out in his opinion that there was no expert medical testimony contravening the claim of defendant Young that the proper standards of practice had been duly observed. From the judgments entered on the directed verdicts plaintiffs have appealed.

If in an action for damages for malpractice it appears that the conduct charged against the medical practitioner was of such character as to not require expert testimony submission of the question at issue to the jury is proper without evidence from other practitioners. Thus if a foreign object is left within the body of a patient on whom an operation has been performed, to his injury, laymen may properly decide the question of negligence without the aid of experts. *Wood* v. *Vroman,* 226 Mich 625; *LeFaive* v. *Asselin,* 262 Mich 443; *Taylor* v. *Milton,* 353 Mich 421. However, the rule applicable in most cases of malpractice was well summarized in *Zoterell* v. *Repp,* 187 Mich 319, 330, as follows:

"The difficulties and uncertainties in the practice of medicine and surgery are such that no practitioner can be required to guarantee results, and all the law demands is that he bring and apply to the case in hand that degree of skill, care, knowledge, and attention ordinarily possessed and exercised by practitioners of the medical profession under like circumstances (*Pelky* v. *Palmer,* 109 Mich 561; *Miller* v. *Toles,* 183 Mich 252 [LRA 1915C, 595]); and the bare fact that full recovery does not result, or that a surgical operation is not entirely successful, is not in itself evidence of negligence.

"As to those matters of special knowledge strictly involving professional skill and attention, unskillfulness, negligence, or failure to do that which ought to be done must be shown by the testimony of those learned in such matters. In *Wood* v. *Barker,* 49 Mich 295, 298, the rule as to competent evidence in this class of cases is stated as follows:

" 'Where all the testimony in the case is in favor of the treatment pursued, and the question is one of medical skill which can only be tested by those familiar with such matters, it was error to let the jury draw adverse conclusions, which could only be based on their unprofessional notions of how such injuries should be treated.' "

We think the rule above stated is applicable in the cases at bar and justified the action of the trial judge in directing verdicts for defendants. See, also, *Jackowicz* v. *Knobloch,* 275 Mich 125; *Mapes* v. *Berkowitz,* 304 Mich 278.

Counsel for plaintiffs assert as a possible basis of liability the failure of defendant Young to advise Mrs. Roberts that infection might follow from an operation of the character that plaintiffs sought to have performed. Obviously the situation in the cases at bar differs from that in *Taylor* v. *Milton, supra,* cited by counsel. There the defendant physician failed to advise the patient that there had been left within his body a portion of a filiform which had broken off in the process of treatment. The situation presented involved the existence of a condition of which the physician knew, and it had in fact resulted in the course of his procedure. Similar situations have arisen in other cases and the duty to advise has been recognized. In the instant case we are not dealing with a known existing condition but, rather, with a mere possibility that infection might follow the operation. No claim is made that defendant Young had knowledge, or believed, that

such would be the case. The question presented is in substance whether a physician and surgeon before operating should advise the patient of all *possible* results. Whether such should be done would seem to be a matter to be determined with reference to the general practice customarily followed by the medical profession in the locality. *Twombly* v. *Leach,* 65 Mass 397; *Rosenberg* v. *Feigin,* 119 Cal App2d 783 (260 P2d 143). The case of *Bang* v. *Charles T. Miller Hospital,* 251 Minn 427 (88 NW2d 186), is not in point for the reason that there a result, serious in nature, was certain to happen, whereas in the case at bar there was a mere possibility. As before indicated, whether such possibility should have been discussed with the patient is a matter to be determined in accordance with the general practice customarily observed by practitioners in good standing of defendant Young's school of treatment.

On cross-examination defendant Young testified that he considered the operation necessary because of vaginal varicosities from which the patient suffered. Doubtless the question involved expert knowledge of situations of like character and their probable consequences. The testimony as given was not contravened by other proofs introduced by plaintiffs. The trial judge was not in error in concluding that on the record made at the conclusion of the evidence introduced on behalf of plaintiffs there was no issue of fact in the case that could properly be submitted to the jury.

We find no reversible error in the record and the judgments entered are affirmed.

Dethmers, Kelly, Black, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.

O'Hara, J., took no part in the decision of this case.