CALLAHAN v WILLIAM BEAUMONT HOSPITAL

Docket No. 58151. Decided June 2, 1977. On application by plaintiffs for leave to appeal the Supreme Court, in lieu of granting leave to appeal, affirmed the result of the decision of the Court of Appeals.

Patricia N. and Kenneth R. Callahan brought a complaint for damages resulting from medical malpractice against William Beaumont Hospital and Dr. Jerome E. Feldstein. The Oakland Circuit Court, William John Beer, J., ruled that an expert witness called by the plaintiffs was not qualified to testify because he had never practiced in the Detroit metropolitan area, granted a directed verdict of no cause of action for Dr. Feldstein, and granted a mistrial before the plaintiffs had completed their case. The Court of Appeals, McGregor, P. J., and Bashara, J. (Allen, J., concurring), affirmed the evidentiary ruling but reversed the dismissal of the action against Dr. Feldstein (Docket Nos. 22830, 22831). Plaintiffs apply for leave to appeal. *Held:*

The proffered expert witness should not have been permitted to testify as to the alleged negligence of Dr. Feldstein. However, the question is not whether the witness ever practiced in the same geographical area in which the defendant practiced or in a·similar area, but whether the expert knew the standard of care about which he was to testify. The Court of Appeals reached the correct result because there was no showing that the expert knew the standard of care.

Affirmed.

67 Mich App 306; 240 NW2d 781 (1976) affirmed.

PHYSICIANS AND SURGEONS—MALPRACTICE—EXPERT WITNESSES—QUALIFICATION—STANDARD OF CARE.

An expert medical witness, to be qualified to testify as to the standard of care in a malpractice action, must have knowledge of the standard of care about which he is to testify; the question is not whether the proffered expert witness ever practiced in the same geographical area in which the defendant practiced or in a similar area.

REFERENCE FOR POINTS IN HEADNOTE
61 Am Jur 2d, Physicians and Surgeons §§ 205, 207.

*Balfour Peisner* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *John P. Jacobs)* for defendant William Beaumont Hospital.

*Sullivan, Ranger, Ward & Bone* for defendant Feldstein.

PER CURIAM. This is a medical malpractice case brought by plaintiffs against defendants William Beaumont Hospital and Dr. Jerome Edward Feldstein. The trial court entered an order of dismissal as to Dr. Feldstein as well as an order declaring a mistrial. Plaintiffs appealed by leave granted to the Court of Appeals.

The facts as delineated by the Court of Appeals are as follows:

"Plaintiffs, Patricia N. Callahan and her husband, Kenneth R. Callahan, brought suit against the defendants William Beaumont Hospital and Dr. Jerome Edward Feldstein, alleging negligence by the defendants in failing to diagnose and correctly treat an alleged fracture of plaintiff Patricia N. Callahan's right ankle at the hospital's emergency room.

"A jury trial was commenced on April 22, 1974. In the course of plaintiffs' presentation of their case, the trial court ruled that Dr. Robert J. Huebner, called as an expert witness by the plaintiffs, was not competent to testify as to the negligence of Dr. Feldstein because Dr. Huebner had never practiced in the Detroit metropolitan area. The trial court also ruled that Dr. Huebner could not testify as to the negligence of those employees of the hospital who had examined the plaintiff's X-rays because Dr. Huebner lacked the qualifications of a radiologist.

"Following these rulings, the trial court granted a motion by the plaintiffs for a mistrial so that plaintiffs could seek an emergency appeal. At the same time,

before the plaintiffs had completed the presentation of their case, the trial court also granted a motion by Dr. Feldstein to be dismissed from the case upon a directed verdict of no cause of action." 67 Mich App 306, 308–309; 240 NW2d 781 (1976).

The Court affirmed the exclusion of the proffered testimony of Dr. Huebner but reversed the trial court's dismissal of plaintiffs' action against Dr. Feldstein and remanded for new trial. Plaintiffs applied for leave to appeal, but Dr. Feldstein did not.

On August 18, 1976, this Court ordered the instant case to be held in abeyance pending a decision in *Siirila v Barrios,* 398 Mich 576; 248 NW2d 171 (1976). We now, in lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), affirm the Court of Appeals judgment, but address one aspect of the Court's opinion.

The Court of Appeals found no error in the trial court's ruling that Dr. Huebner could not testify as to the negligence of Dr. Feldstein. The trial court had premised its ruling upon the fact that Dr. Huebner had never practiced in the Detroit metropolitan area. As to this question the Court of Appeals reasoned:

"Moreover, this case involves treatment in the emergency room of a large metropolitan hospital. It is entirely possible that the conditions present in an emergency room of a Detroit area hospital are so different from those in an emergency room of a small-town hospital, that any comparisons made by a small-town doctor would be unfair to a doctor practicing in the big-city hospital. It is also possible that the number of cases handled in the emergency room of a big-city hospital as well as the nature of those cases may differ so significantly from the nature and volume of cases handled in the emergency room of a small-town hospital that com-

parisons of the procedures used in each to examine a person seeking emergency treatment would be misleading. Factors such as these further support the application of the 'local community' rule to the facts of the present case. Consequently, the trial court did not err in not permitting Dr. Huebner to testify as to the negligence of Dr. Feldstein." 67 Mich App 306, 311–312.

We agree that Dr. Huebner should not have been permitted to testify as to the alleged negligence of Dr. Feldstein. However, the standard employed in this case for making that determination was inappropriate. The question is not whether the proffered expert witness ever practiced in the same geographical area in which the defendant practiced or in a similar area. Rather, the determinative question is whether the proposed expert witness knew what the practice was. In *Siirila v Barrios, supra,* we said:

"The rule therefore as to the ability of a specialist testifying as to a general practitioner's compliance with the requisite standard of care of a general practitioner is only that the witness have knowledge of the standard of care about which he or she is testifying." 398 Mich 576, 593.

In this case, there was no showing that Dr. Huebner knew "the standard of care about which he" was to testify. Therefore, the Court of Appeals reached the correct result, and we affirm.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.