STACHOWIAK v SUBCZYNSKI

Docket No. 78-849. Submitted April 3, 1979, at Detroit.—Decided
    September 10, 1979.

    Elizabeth Stachowiak and Paul Stachowiak brought a medical
    malpractice action against Janusz Subczynski, M.D. Judgment
    for defendant, Wayne Circuit Court, Patrick J. Duggan, J.
    Plaintiffs appeal alleging 1) that the trial court erred in admit-
    ting into evidence certain exhibits introduced by the defendant
    and 2) that the trial court erred in denying their motion for a
    mistrial which they made because of certain allegedly improper
    arguments of defense counsel in his closing arguments to the
    jury. *Held:*

        1. The admission at trial of statements contained in learned
    treatises is not proper for purposes other than impeachment.
    Because the objected-to exhibits were excerpts from a learned
    treatise, the lower court erred in permitting their introduction
    at trial as part of the defendant's case in chief. This error was
    not harmless.

        2. The comments of defense counsel in his closing arguments
    to the jury, wherein he intimated that the testimony of the
    plaintiffs' expert had been bought and listed several pieces of
    evidence that had been excluded from evidence at trial, were
    improper.

        Reversed and remanded.

1. EVIDENCE — LEARNED TREATISES — IMPEACHMENT — SUBSTANTIVE
        EVIDENCE — RULES OF EVIDENCE.

    Learned treatises are admissible for impeachment purposes but
    are not admissible as substantive evidence (MRE 707).

2. TRIAL — ARGUMENTS OF COUNSEL — IMPROPER ARGUMENTS.

    It was improper for a defendant's attorney, in his closing argu-
    ment before the jury, to intimate that testimony of the plain-
    tiff's expert witness had been "bought" and to state that the
    defendant had additional evidence in support of his position,

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 888.
[2] 75 Am Jur 2d, Trial §§ 193, 194.

but that the rules of evidence prohibited the introduction of the evidence that would lead to an understanding of the truth and, subsequently, to list for the jury several pieces of evidence which had been excluded.

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard),* for plaintiffs.

*Sullivan, Ranger, Ward & Bone,* for defendant.

Before: T. M. BURNS, P.J., and M. F. CAVANAGH and MACKENZIE, JJ.

PER CURIAM. Plaintiffs-appellants appeal of right a December 29, 1977, jury verdict of no cause of action in this medical malpractice suit. We reverse.

Plaintiffs first complain that the trial court erred in admitting into evidence certain exhibits of the defendant. The four objected-to exhibits consisted of medical charts that were drawn from information obtained from a medical treatise. This information was offered to support the defendant doctor's claim that he acted in accordance with the requisite standard of care when he chose one method of treatment for plaintiff Elizabeth Stachowiak over another.

Both the applicable Michigan rule of evidence, MRE 707, and the Supreme Court's interpretation of that rule, see *Bivens v Detroit Osteopathic Hospital,* 403 Mich 820 (1978), preclude the admission at trial of statements contained in learned treatises for purposes other than impeachment. Because the objected-to exhibits were excerpts from a learned treatise, the lower court erred in permitting their introduction at trial as part of defendant's case in chief. Because we cannot say that this error was harmless, we must reverse.

Plaintiffs also argue that the lower court erred in denying their motion for a mistrial which they made because of certain allegedly improper arguments of defense counsel in his closing to the jury. In his closing argument defendant's counsel intimated that testimony of plaintiffs' expert had been "bought" and indicated that, although defendant had additional evidence that would have supported his position, "[r]egrettably, some of our rules of evidence prohibit introduction of the kinds of things that would, in my judgment, at least, lead to some complete understanding of the truth in a case". After making this latter comment, defense counsel listed several pieces of evidence that had been excluded at trial.

Because of our disposition of the first issue in this appeal, we need not decide whether the merits of this issue require reversal. However, we note that these comments by defense counsel were improper and we trust that they will not be made again on retrial.

Reversed and remanded. Plaintiffs may assess costs.