BERWALD v KASAL

Docket No. 48408. Submitted October 10, 1980, at Grand Rapids.—
Decided December 3, 1980.

Daniel L. Berwald and Joan Berwald brought an action against
Kusan M. Kasal, M.D., and Grant Community Hospital for
malpractice arising out of the treatment of Daniel Berwald.
Newaygo Circuit Court, Terrence R. Thomas, J., entered judg-
ment for plaintiffs. Defendant Kasal appeals, alleging that the
trial court erred in admitting evidence of acts of negligence
which were not pleaded and in permitting plaintiff's expert to
read from a medical textbook during trial, that there was
insufficient evidence presented on the issue of proximate cause
to withstand his motion for a judgment notwithstanding the
verdict, and that the failure of the trial court to give a re-
quested jury instruction constituted error. *Held:*

1. Plaintiffs introduced evidence of unpleaded acts of negli-
gence relating to the conduct of defendant Kasal subsequent to
the act which allegedly precipitated Mr. Berwald's heart attack
and which, although negligent, were unrelated to the specific
act at issue. The probative value of the evidence was out-
weighed by its prejudicial effect. Its admission by the trial court
constituted error.

2. The unpleaded acts of negligence were properly admitted
as new, independent causes of action pursuant to the liberal
amendment provisions of the pertinent court rule. However,

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d (Rev), Physicians, Surgeons, and Other Healers
§ 340.
[2] 61 Am Jur 2d (Rev), Physicians, Surgeons, and Other Healers
§§ 326-328.
61 Am Jur 2d, Pleading §§ 28, 32, 328.
[3] 5 Am Jur 2d, Appeal and Error § 807.
61 Am Jur 2d (Rev), Physicians, Surgeons, and Other Healers § 340
*et seq.*
[4] 31 Am Jur 2d, Expert and Opinion Evidence § 26.            ·
61 Am Jur 2d (Rev), Physicians, Surgeons, and Other Healers § 345
*et seq.*
[5] 61 Am Jur 2d (Rev), Physicians, Surgeons, and Other Healers
§ 363 *et seq.*

the trial court erred in failing to grant defendant Kasal's motion for a directed verdict on some of the acts of negligence. Plaintiffs failed to establish that these acts of negligence proximately caused damages to Daniel Berwald. The supplemental claims of negligence were highly prejudicial and were improperly submitted to the jury. Defendant Kasal is entitled to a new trial.

3. The trial court erred in admitting evidence read by plaintiffs' expert witness from a medical textbook since the excerpt read did not pertain to facts at issue. But the error was harmless because the trial court, recognizing its error, instructed the jury to disregard the evidence.

4. The trial court properly qualified plaintiffs' expert witness.

5. The trial court properly denied defendant Kasal's motion for a judgment notwithstanding the verdict. Sufficient evidence on the issue of proximate cause was presented.

6. The trial court should consider instructing the jury upon retrial to the effect that a physician is not a warrantor of cure or diagnosis. In a medical malpractice case more than the basic standard jury instructions on negligence may be necessary.

Reversed and remanded.

1. NEGLIGENCE — MEDICAL MALPRACTICE — EVIDENCE — DUTIES OF CARE — DUTIES AT ISSUE — ADMISSIBILITY.

Evidence introduced in a malpractice case to show that a defendant may have breached certain duties of care unrelated to the duty at issue is generally inadmissible.

2. PLEADING — NEGLIGENCE — THEORIES OF NEGLIGENCE — AMENDMENT OF PLEADINGS — COURT RULES.

The pleadings in a malpractice case must be specific, indicating the exact theories of negligence to be shown, however, the pleadings may be amended to conform to the evidence presented during trial (GCR 1963, 118.3).

3. NEGLIGENCE — MEDICAL MALPRACTICE — EVIDENCE — LEARNED TREATISES — EXPERT WITNESSES — FACTS NOT IN ISSUE — HARMLESS ERROR.

Permitting a party's expert witness to read from a medical textbook during trial for medical malpractice constitutes error where the excerpts read pertain to a fact which is not at issue, but the error is harmless where the trial court, recognizing its error, instructs the jury to disregard the evidence.

4. NEGLIGENCE — MEDICAL MALPRACTICE — EVIDENCE — EXPERT
   WITNESSES — STANDARD OF CARE — REQUISITE KNOWLEDGE.
   A medical specialist may testify in a medical malpractice case
   with respect to the standard of care expected of a general
   practitioner as long as he has the requisite knowledge of that
   standard of care.

5. PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE — JURY IN-
   STRUCTIONS.
   A trial court may properly instruct a jury in a medical malprac-
   tice case that a physician is not a warrantor of cure or diagno-
   sis.

*White, Spaniola, Knudsen, Stariha & Potuznik,
P.C. (by Randall D. Fielstra),* for plaintiffs.

*Baxter & Hammond (by Paul E. Jensen),* for
defendant Kasal.

Before: R. M. MAHER, P.J., and R. B. BURNS and
D. F. WALSH, JJ.

D. F. WALSH, J. Plaintiffs brought a malpractice
action against defendants. Defendant Kasal ap-
peals the jury verdict rendered in favor of plain-
tiffs.

On March 22, 1976, plaintiff Daniel L. Berwald
entered Grant Community Hospital for the treat-
ment of a boil on his face. Mr. Berwald informed
the nurse who interviewed him and his treating
physician, Dr. Kasal, that he was allergic to peni-
cillin. He testified that he also told Dr. Kasal that
he should receive only Terramycin as an antibi-
otic. Dr. Kasal, who denied being so informed,
directed that Mr. Berwald be injected with Gara-
mycin.

Following the injection, Mr. Berwald left the
hospital and experienced severe chest pains, a
choking feeling, and breathing difficulties. Mr.
Berwald returned to the hospital where Dr. Kasal
diagnosed a drug reaction or a myocardial infarct,

a heart attack. Mr. Berwald received further treatment, and, although he was to be releaed the following day, his wife arranged for a discharge and transfer to a cardiologist. On August 18, 1976, Mr. Berwald underwent a successful aorta-coronary bypass graft at Blodgett Hospital in Grand Rapids. He resumed employment in October, 1976.

In a complaint filed on February 21, 1978, plaintiffs alleged that the negligent act of the 'Garamycin injection proximately caused the heart attack. The jury returned a verdict of $125,000 in favor of Daniel Berwald and $4,500 in favor of Joan Berwald, his wife.

Defendant Kasal's main argument on appeal is that the trial court erred in admitting evidence of acts of negligence which were not pleaded in the complaint. The sole act of negligence contained in the complaint reads as follows:

"That notwithstanding the above duties owed to Plaintiff, Defendants negligently, unskillfully, and carelessly gave to Plaintiff, an injection of Garamycin when Defendants knew or should have reasonably known that plaintiff would have an allergic reaction thereto."

However, the trial court, over defendant Kasal's objection, permitted plaintiffs to introduce evidence on the claims that: (1) the boil should have been cultured before treatment was begun, (2) a regular course of antibiotic treatment was preferable to the use of a single dose of Terramycin, (3) there was no medical consultation, (4) the patient should have been confined to bed rest,[1] (5) Dr. Kasal did not use an anticoagulant, and (6) insufficient pain relief was prescribed for the patient.

There are two possible theories under which

---

[1] Plaintiffs' expert admitted at trial that Mr. Berwald had been confined to bed.

evidence of the above-mentioned acts of negligence could be found admissible. Either it was used to establish that defendant Kasal was negligent in the injection of the Garamycin, or it served as proof of additional actionable claims of negligence. We conclude that the evidence was inadmissible under the former theory and that, if admitted under the latter theory, the trial court erred in failing to direct a verdict for defendant Kasal on several of the additional claims.

It is well-established that evidence introduced to show that a defendant may have breached certain duties of care unrelated to the duty at issue is generally inadmissible at trial. McCormick, Evidence (2d ed), § 189, p 446, 1 Wigmore, Evidence (3d ed), § 199, pp 677-681. This rule of exclusion is followed because such unrelated acts of negligence merely establish a tendency to engage in negligent conduct in general and may prejudically serve to establish that a defendant was negligent in the specific act at issue. The probative value of such evidence is generally thought to be far outweighed by its prejudicial effect.

In the case at hand, plaintiffs introduced testimony relating to the conduct of Dr. Kasal subsequent to Mr. Berwald's heart attack. Whether Dr. Kasal was negligent in failing to consult with other physicians or in failing to administer an anticoagulant is totally unrelated to the allegedly negligent act at issue—the injection of Garamycin which proximately caused the heart attack. Testimony concerning Dr. Kasal's breach of other duties tended to show that he was a negligent doctor and, therefore, probably negligent regarding the Garamycin injection. Such evidence was highly prejudicial. Testimony concerning Dr. Kasal's breach of other duties tended to establish that he

was a negligent doctor generally. Such evidence was highly prejudicial and was not admissible for the purpose of proving the specific act of negligence pleaded in the complaint.

We next address whether the unpleaded acts of negligence were properly admitted as new, independent causes of action. We note initially that in a malpractice case the pleadings are required to be specific, indicating the exact theories of negligence to be shown. *Simonelli v Cassidy*, 336 Mich 635, 644; 59 NW2d 28 (1953), *Serafin v Peoples Community Hospital Authority*, 67 Mich App 560; 242 NW2d 438 (1976). However, GCR 1963, 118.3, authorizes liberal amendments to pleadings so that they conform to the evidence presented at trial. This court rule provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case an amendment of the pleadings to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, amendment to conform to such proof shall not be allowed unless the party desiring amendment satisfies the court that the amendment and the admission of such evidence would not prejudice the objecting party in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Defendants were made aware of the unpleaded acts of negligence through the deposition testimony of Dr. Laird, plaintiffs' expert, at least two weeks prior to trial. Defendant Kasal's claim of unfair surprise at trial is unsupported by the record. Defendant Kasal could have requested a

continuance at trial as permitted under the court rule but chose not to do so. We find that the unpleaded acts of negligence were admissible under GCR 1963, 118.3.

However, even if properly admitted at trial as independent claims of negligence, the trial court erred in failing to grant defendants' motion for a directed verdict on the majority of these additional claims. Plaintiffs failed to present any testimony establishing that these acts of negligence proximately caused any damages to plaintiff Daniel Berwald. Dr. Kasal's alleged failure in (1) culturing the boil prior to treatment, (2) prescribing a regular course of antibiotic treatment rather than a single injection, and (3) ordering an anticoagulant for plaintiff Daniel Berwald did not proximately cause his heart attack. Nor did plaintiff Daniel Berwald offer any testimony concerning any other damage he may have suffered as a result of these additional negligent acts. Therefore, the supplemental claims of negligence which were highly prejudicial to defendant Kasal were improperly submitted to the jury.[2] The court's failure to direct a verdict for defendants amounted to reversible error, and defendant Kasal is entitled to a new trial.

Defendant Kasal also asserts that the trial court erred in permitting plaintiffs' expert to read from a medical text at trial. We agree. See MRE 707, *Bivens v Detroit Osteopathic Hospital,* 403 Mich 820 (1978), *Stachowiak v Subczynski,* 93 Mich App 245; 287 NW2d 194 (1979). However, the excerpts from the medical textbook pertained to the importance of an accurate and complete patient history prior to any antibiotic prescription. This fact was

---

[2] The only arguably admissible additional claim of negligence was defendant Kasal's failure to prescribe sufficient pain relief which may have contributed to plaintiff Daniel Berwald's pain and suffering.

not at issue at trial, and the court, recognizing its error in admitting the statements, instructed the jury to disregard it. Under such circumstances, any error was harmless.

Further, we find no abuse of discretion in the trial court's ruling that Dr. Laird was properly qualified as an expert witness. A specialist may testify with respect to the standard of care expected of a general practitioner as long as the witness has the requisite knowledge of that standard of care. *Callahan v William Beaumont Hospital,* 400 Mich 177, 180; 254 NW2d 31 (1977), *Siirila v Barrios,* 398 Mich 576, 593; 248 NW2d 171 (1976). Since Dr. Laird specifically stated that he was familiar with the standard of care in communities similar to the location where the malpractice occurred, we find no abuse in the trial court's discretion regarding the qualification of this expert witness.

We also reject defendant Kasal's claim that there was insufficient evidence presented on the issue of proximate cause to withstand defendant Kasal's motion for a judgment notwithstanding the verdict. Two witnesses testified that there was a reasonable medical probability that the injection of Garamycin may have caused the heart attack. The trial court's denial of defendant Kasal's motion for a judgment notwithstanding the verdict was proper. See *Sabraw v Michigan Millers Mutual Ins Co,* 87 Mich App 568, 571; 274 NW2d 838 (1978).

Finally, we note that defendant Kasal requested a jury instruction to the effect that a physician is not a warrantor of cure or diagnosis. This requested instruction is a correct statement of Michigan law. *Roberts v Young,* 369 Mich 133, 138; 119 NW2d 627 (1963), *quoting Zoterell v Repp,* 187

Mich 319, 330; 153 NW 692 (1915), *Skeffington v Bradley,* 366 Mich 552, 556; 115 NW2d 303 (1962), *Viland v Winslow,* 34 Mich App 486, 488; 191 NW2d 735 (1971). While we need not decide whether the trial court's failure to so instruct constituted reversible error we caution the trial court, upon retrial, to reconsider its ruling. A medical malpractice suit is a unique type of negligence action. We feel that more than simply the basic standard jury instructions on negligence may be necessary, especially where the requested jury instruction incorporated an explicit ruling by the Supreme Court. See, *Cleveland v Rizzo,* 99 Mich App 682; 298 NW2d 618 (1980).

Reversed and remanded for a new trial.