## TAYLOR v. MILTON.

1. APPEAL AND ERROR—VEXATIOUS REPETITION—DISMISSAL OF APPEAL.

Vexingly repetitious matter in claims of error on appeal may constitute grounds for dismissal of appeal either *sua sponte* or on appellee's timely motion (Court Rule No 70, § 5, as added in 1956).

2. PHYSICIANS AND SURGEONS—CONCEALMENT OF BROKEN FILIFORM—NOTICE.

Defendant's claim in action of malpractice that he was not apprised of plaintiff's assertion of matter of defendant's concealment from plaintiff of fact that a portion of filiform attached to catheter had broken off when used to relieve plaintiff from stoppage of urine *held*, without merit, where declaration and pretrial statement referred to defendant's negligence and unprofessional conduct and defendant's answer to the declaration and extensive proofs on the subject at the trial showed he was fairly apprised of such question of concealment.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 701.
[2] 41 Am Jur, Pleading §§ 81, 83.
[3] 12 Am Jur, Continuance § 19.
[4] 41 Am Jur, Physicians and Surgeons § 128.
[5] 41 Am Jur, Physicians and Surgeons §§ 82, 129.
Necessity of expert evidence to support an action for malpractice against a physician or surgeon. 141 ALR 5.

3. SAME—CONTINUANCE—NOTICE OF ISSUE—DISCRETION OF COURT.
There was no abuse of discretion by the trial court in malpractice action in denying defendant a continuance for the purpose of preparing special questions to the jury on claimed surprise issue of concealment of fact that portion of filiform attached to catheter had broken off when used to relieve plaintiff from stoppage of urine, where record shows defendant had adequate notice of the question of such concealment.

4. EVIDENCE—IDENTITY OF FILIFORM—FOUNDATION FOR ADMISSION.
It was not error in malpractice action to permit plaintiff to introduce into evidence a filiform which had been removed from plaintiff's bladder at a hospital, where plaintiff's sworn statement had been presented that the filiform offered was the same one doctors had shown him after removing it from his body, as defendant had in his possession the balance of the broken filiform and any similar filiform would have been admissible anyway.

5. PHYSICIANS AND SURGEONS—BROKEN FILIFORM—STANDARD OF CARE—EVIDENCE.
It was not error on part of trial court to not require expert testimony on the subject of the type and degree of care that should have been administered to plaintiff after defendant learned that a 12-inch steel-capped needle-like object called a filiform, attached to a catheter had been admittedly left in plaintiff's bladder where it had been inserted to relieve him from a stoppage of urine, since it is common knowledge that a doctor's concealment of such a state of affairs is improper.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted January 14, 1958. (Docket No. 44, Calendar No. 46,825.) Decided September 9, 1958.

Case by Willie Taylor against Samuel B. Milton for malpractice and concealment of negligence in medical treatment. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Walter M. Nelson*, for plaintiff.

*Edward M. Turner*, for defendant.

VOELKER, J. An action of trespass on the case was brought by plaintiff, Willie Taylor, a laborer, to recover damages against the defendant and appellant, Dr. Samuel B. Milton, a practicing physician, resulting from his alleged negligence arising out of an operation performed on March 25, 1952, and his alleged concealment of that negligence from the plaintiff.

Plaintiff being unable to pass his urine went to see the defendant doctor, who inserted a catheter, to which was attached a filiform, through plaintiff's urethra for the purpose of relieving a stricture and thus giving plaintiff relief. During the operation a portion of the filiform broke off from the catheter and ultimately passed into plaintiff's bladder.

The trial court ruled that defendant was not negligent in performing the operation, but submitted to the jury the question of whether defendant concealed from plaintiff his knowledge of the filiform in plaintiff's bladder, and the further question of whether he neglected and failed to continue proper treatment after the mishap. The jury returned a verdict in favor of the plaintiff in the sum of $2,500. The trial court denied defendant's motions for judgment notwithstanding the verdict and for a new trial and entered judgment on the verdict. The case is here on appeal from that judgment.

We observe that defendant in his appeal alleges 52 separate grounds of error, most of which are irksomely repetitious. While this scatter-gun approach may possess a certain primitive effectiveness when a man seeks to persuade another to marry his daughter, it scarcely persuades this Court. Such time-consuming and vexingly repetitious matter not only fails to persuade us but could very well have been a serious ground for dismissal of this appeal had we felt disposed or had the appellee made a timely mo-

tion to that end. (Court Rule No 70, § 5, as added October 30, 1956.*) We will accordingly not burden this opinion by undertaking to discuss all of the allegations of error submitted by the appellant, but only those possible grounds of error which we have painstakingly been able to dredge from appellant's endlessly repetitious presentation.

Appellant's first allegation of error, as thus boiled down, is that he was not apprised of the crucial question of concealment before the trial. This allegation is unfounded, as the question is clearly set out in paragraphs 7 and 9 of the declaration and the pretrial statement also takes cognizance of the question by referring to "negligence and unprofessional conduct." Further evidence of the fact that defendant was fairly apprised of the question of concealment is found in the defendant's own answer to the declaration and his extensive proofs on the precise subject in the trial court.

Appellant also claims error by the trial court in not granting him a continuance to enable him to prepare special questions and directions to the jury on the claimed surprise issue of concealment. Having already decided that the defendant had adequate notice of the question of concealment, further discussion of the trial court's failure to grant a continuance would be irrelevant. There having been adequate notice, there were no grounds therefore on which to grant a continuance, and we find no abuse of discretion by the court.

Appellant's next claim of error concerns the admission in evidence of the filiform that had been removed from the plaintiff's bladder. Appellant claims this was error because the plaintiff had not preceded his offer with a proper foundation, supporting this claim by an extensive quotation from

---

* 347 Mich xxx.—Reporter.

Wigmore's learned treatise on evidence concerning the necessity of laying a proper foundation for the admission of chattels into evidence. It was the ruling of the trial judge, with whom this Court agrees, that the sworn statement of the plaintiff that the offered filiform was the same one that his subsequent doctors at the University of Michigan hospital had shown him immediately after operating to remove it from his body, coupled with the fact that defendant had in his possession the other end of the broken filiform, with which we assume he could easily have refuted the authenticity of the offered one, was an adequate foundation for its admittance. In any case even if there had not been an adequate foundation laid for the admission of the broken filiform, its admission could scarcely have been prejudicial error because the defendant had already admitted leaving a filiform in plaintiff's bladder. The crucial question put to the jury was not whether he had left this or some other filiform in plaintiff's bladder but rather, having concededly done so, had he or had he not thereafter *concealed* from the plaintiff the fact that it was there. We think the jury was entitled to see what kind of object it was that had been left there, and under the circumstances we think any similar filiform would have been equally adequate and properly admissible.

Appellant further urges several grounds of error by the trial court in not requiring expert testimony on the subject of the type and degree of care that should have been administered to the plaintiff after the defendant learned of the filiform being in his bladder. These allegations of error can best be answered by quoting the relevant instructions to the jury:

"Now, in the majority of cases, as I told you, where malpractice is before a jury or a court, the profes-

sional standard of practice is necessarily involved and requires testimony of competent experts, and that would have been true insofar as that which happened on March 25th is concerned, but in this case I charge you that there is no question of skill or judgment, no question of practice beyond the knowledge of laymen, because you are only considering the one question: Did he or did he not conceal the presence of this filiform in the bladder of this plaintiff."

This statement finds square support in *LeFaive* v. *Asselin,* 262 Mich 443. We are concerned here with a broken needle-like steel-capped object some 12 inches long admittedly left in a man's bladder. To borrow Mr. Justice WIEST's much-quoted phrase in *Ballance* v. *Dunnington,* 241 Mich 383, 387 (57 ALR 262), even the "merest tyro" might know that a doctor's concealment of such a state of affairs from a patient was improper.

Having perused the 52 points of error as set out by the appellant we feel that the possibly meritorious subject matter therein has been fairly and adequately covered in the digested form presented in this opinion. Appellant's bombardment having ceased, we perceive through the lifting haze that none of the 52 pellets fired from his blunderbuss has hit the target. The judgment of the trial court must accordingly be affirmed, with costs to appellee.

SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred with VOELKER, J.

DETHMERS, C. J., and CARR and KELLY, JJ., concurred in the result.