Gene H. ALBERTS, Plaintiff
and Appellant,

v.

Robert R. GIEBINK; H. Phil Gross; Richard F. Nice; Frederick R. Entwistle; Orthopedic Associates, Ltd.; Sioux Valley Hospital; and Ten Unknown Persons, Defendants and Appellees.

No. 13102.

Supreme Court of South Dakota.

Argued Oct. 15, 1980.

Decided Dec. 10, 1980.

Robert L. Mabee of Quaintance & Swanson, and Charles L. Dorothy of Dorothy, Craig, Palmer & Harris, Sioux Falls, for plaintiff and appellant.

Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants and appellees; Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on the brief.

HALL, Circuit Judge.

Plaintiff brought suit in 1979 for alleged medical malpractice by defendants, stemming from defendants' medical services to plaintiff following an automobile accident in 1968. Defendants sought dismissal of the action, based upon the present medical malpractice statute of limitations, SDCL 15-2-14.1.[1] The circuit court granted summary judgment to defendants, and plaintiff appeals. We reverse and remand.

Plaintiff argues on appeal that the existing statute of limitations, which does not incorporate a "discovery rule,"[2] is unconstitutional as a denial of due process. Plaintiff further argues that application of this statute of limitations is improper because it was enacted after the date of the alleged malpractice and cannot be retroactively applied. We need not, and cannot, reach these issues based on the facts presented.

Plaintiff Gene H. Alberts was involved in a serious automobile accident near Pipestone, Minnesota, on November 21, 1968,

---

1. SDCL 15-2-14.1 provides that an action for malpractice against a physician, etc., must be commenced within two years of the alleged malpractice. SDCL 15-2-14.3 makes the same limitation applicable to medical corporations.

2. Under the "discovery rule," a cause of action does not accrue until the wrongful act is discovered, or reasonably should have been discovered. See *Shinabarger v. Jatoi*, 385 F.Supp. 707 (D.S.D.1974).

resulting in a fractured pelvis. He was transferred from a Pipestone hospital to Sioux Valley Hospital in Sioux Falls, South Dakota. To alleviate pressure on the pelvis, Dr. Robert R. Giebink, a defendant in this action, inserted a Steinmann pin in plaintiff's knee and applied traction to the wires fastened to each end of the pin. Another defendant, Dr. H. Phil Gross, treated the fracture. The patient was scheduled to have the pin removed on December 7, 1968. That evening, however, while heavily sedated, plaintiff pulled out one of the wires attached to the end of the pin. Without plaintiff's knowledge, the pin remained in the knee. Plaintiff was discharged from Sioux Valley Hospital on January 6, 1969, and from that time until the pin was removed in 1979, plaintiff continued to experience pain. He returned to the doctors at the clinic at least four or five times in the year following his release from the hospital. In 1973 he visited his family doctor, Dr. Aspaas, who arranged an appointment for him with defendants for further examination. Plaintiff did not keep his appointment. Finally, on January 3 and again on January 24, 1979, plaintiff visited Dr. Richard F. Nice of Orthopedic Associates (both named defendants). On the latter date, his knee was X-rayed. Plaintiff was then informed, allegedly for the first time, of the pin in his knee. Dr. Nice did not remove, nor recommend removal of the pin. Plaintiff then visited his family doctor who ultimately removed the pin; the pain abated. This suit was commenced on January 29, 1980; the circuit court ruled the action was time barred and dismissed the action on March 20, 1980.

Defendants argue that any claim for alleged malpractice is barred by the existing statute of limitations, it being enacted after the treatment of plaintiff by defendants but before commencement of this suit. Alternatively, defendants argue that if the statute of limitations existing at the time of the surgical treatment controls, SDCL 15-2-15(3) (repealed, 1976 S.D. Sess. Laws ch. 145, § 4), the cause of action accrued on the date of the occurrence and hence has been barred since 1970. Plaintiff urges this Court to adopt the discovery rule. We decline to do so.

Medical malpractice case law is replete with exceptions to statutes of limitations where foreign bodies are left in surgical patients. Most of these cases, however, deal with foreign objects such as clamps and sponges that were accidentally and negligently left in a patient following an operation. Although these cases are helpful, they are not controlling, because the facts at hand show that the "foreign body," the pin, was intentionally inserted; there is no claim that the pin was improperly placed in plaintiff's knee. And while plaintiff alleges that the pin was scheduled to be removed on a date certain, the record does not reveal defendants' intentions regarding the removal of the pin. This uncertainty, in turn, leaves open the question of whether allowing the pin to remain, if done intentionally, constitutes malpractice. We, of course, cannot reach that question.

Most of the decisions excepting foreign object cases from the statute of limitations recognize some form of discovery rule; that is, the statute of limitations begins to run when the foreign object is discovered, and not when it is inserted or left in a patient. The South Dakota Legislature, however, has specifically rejected the discovery rule. The statute of limitations in existence at the time of the treatment of plaintiff's injuries was SDCL 15-2-15(3), which required actions to be brought within two years after the cause of action accrued. In 1975 the legislature modified the accrual statute by providing that a cause of action "accrued" when the injury was first discovered (with a maximum limit of six years after the alleged malpractice took place).[3] This sec-

---

3. SDCL 15-2-15.1:

A cause of action referred to in subdivision (3) of § 15-2-15 shall be deemed to accrue at the time the injury is first discovered or in the exercise of reasonable care should have been discovered, provided that no such action shall be commenced after six years from the date upon which the alleged malpractice, error, mistake or failure to cure shall have occurred. Section 15-2-22 shall be applica-

tion contained a self–repealer, effective December 31, 1977. Nevertheless, this section was repealed by 1976 S.D. Sess. Laws ch. 145, § 4, and our present medical malpractice statute of limitations, SDCL 15–2–14.1, was enacted, which required actions to be brought within three years after the alleged malpractice occurred. This three–year provision was later changed to two years. 1977 S.D. Sess. Laws ch. 168. The legislature has thus acknowledged and rejected a discovery rule in South Dakota. We cannot abridge that intent. Nor do the facts, as we interpret them, call upon us to pass on the constitutionality of the existing statute of limitations.

■ The alleged misconduct here is defendants' failure to remove the Steinmann pin (which assumes that it was reasonably and medically necessary to do so), and failure to inform plaintiff of its existence. If proven, this failure would constitute a continuing tort. Generally, when a tort involves a continuing injury, the cause of action accrues and the statute of limitations commences when the wrong terminates. *Stuebig v. Hammel*, 446 F.Supp. 31 (M.D. Pa.1977); *Harper v. Union Sav. Ass'n*, 429 F.Supp. 1254, 1260 (N.D.Ohio 1977). Some courts hold that the injury continues until the patient leaves the doctor's care. *Osborne v. County of Los Angeles*, 91 Cal. App.3d 366, 154 Cal.Rptr. 129 (1979); *Wyler v. Tripi*, 25 Ohio St.2d 164, 267 N.E.2d 419 (1971).

■ As to defendants' duty to disclose that the pin remained in plaintiff's knee, we note that generally a surgeon who knows or has reason to believe that he left a foreign object in his patient's body has a duty to disclose that fact, absent sound medical reasons otherwise. *Taylor v. Milton*, 353 Mich. 421, 92 N.W.2d 57 (1958).[4] This statement comports with our ruling in *Cunningham v. Yankton Clinic, P.A.*, 262 N.W.2d 508 (S.D. 1978):

> A doctor has the duty to make a reasonable disclosure to his patient of the significant risks in view of the gravity of the patient's condition, the probabilities of success, and any alternative treatment or procedures, if such are reasonably appropriate, so that the patient has the information reasonably necessary to form the basis of an intelligent and informed consent to the proposed treatment or procedure.

262 N.W.2d at 511. Applied to the facts at hand, *Cunningham* requires that if the treating physician intends to leave an object in a patient's body for a particular purpose, the physician should inform the patient of that intention in order to obtain informed consent. The record below is inconclusive as to defendants' level of disclosure. Thus, on appeal, we cannot determine whether defendants breached this duty.

■ To summarize, we find that the negligence complained of is not the insertion of the Steinmann pin, but rather the failure to remove the pin when it was reasonably and medically necessary to do so, or to gain plaintiff's informed consent to leave it in his knee. The record before the court on the motion to dismiss shows no final act or occurrence sufficient to commence the running of any statute of limitations. The record is incomplete as to whether defendants intended to remove the pin or whether they informed plaintiff of the pin and their intent to remove or not remove the pin. We therefore reverse and remand for further proceedings.

All the Justices concur.

HALL, Circuit Judge, sitting for DUNN, J., disqualified.

---

ble to this section. This section shall be prospective only and shall expire December 31, 1977.

**4.** Failure to disclose certain medical information could amount to concealment or fraud,

which tolls the statute of limitations. *Hinkle v. Hargens*, 76 S.D. 520, 81 N.W.2d 888 (1957). Plaintiff, however, did not plead fraud and concealment, and we cannot reach that issue on appeal.