HOLY CROSS PARISH, a non-profit religious parish of the Catholic Diocese of Sioux Falls, Plaintiff and Appellant,

v.

Henry HUETHER, Jr., and Carl Huether, jointly and severally, and d/b/a Huether Construction, a Partnership, and Herges, Kirchgasler & Associates, a Corporation, and John Kirchgasler and Marvin Warrens, agents, servants, and employees of Defendants, Herges, Kirchgasler & Associates, Defendants and Appellees.

No. 13256.

Supreme Court of South Dakota.

Argued April 24, 1981.

Decided July 22, 1981.

Thomas A. Kolker of Maloney, Kolker, Fritz, Hogan & Johnson, Ipswich, for plaintiff and appellant.

Russell H. Battey of Williams & Gelhaus, Aberdeen, for defendants and appellees Carl Huether and Henry Huether, Jr.; Paul O. Kretschmar, Eureka, on brief.

Joseph H. Barnett of Siegel, Barnett, Schutz, O'Keefe, Jewett & King, Aberdeen, for defendants and appellees Herges, Kirchgasler & Associates.

DUNN, Justice.

Holy Cross Parish (appellant) appeals from an order and a judgment that dismissed its complaint on the merits with prejudice. We affirm in part, reverse in part, and remand.

In 1963, appellant contracted with appellee Huether (contractor) and appellee Herges (architect) to design and construct an auditorium in Ipswich, South Dakota. This building was completed and turned over to appellant in 1965. In 1977, due to the occurrence of a heaving and unevenness in the floor, appellant had performed a subsurface exploration of the concrete floor. This exploration revealed that the fill used under the concrete floor was consolidating and that the cause of the unevenness was due to the usage of unsuitable fill and inadequate compaction of the fill. To preserve this building, appellant must remove the floor and subsurface fill, replace it with proper fill and pour a new concrete floor.

During construction, the architect's progress reports indicated that the fill procedure and materials were improper and inadequate. Appellant was aware of these reports. In these reports, architect requested that contractor remedy these problems. The problems were not remedied.

In March of 1980, appellant brought this action based on various tort theories. Architect and contractor moved to dismiss appellant's complaint for failure to state a cause of action upon which relief could be granted and that appellant's cause was barred by applicable statutes of limitation. The trial court dismissed appellant's complaint on the merits with prejudice and issued a judgment to the same effect. Appellant contends that the trial court erred in dismissing the cause of action for fraud and deceit and in failing to adopt the "discovery rule" which would have tolled the statute of limitations on the negligence action.

Contractor and architect contend that appellant has not sufficiently pleaded a cause of action for fraud and deceit. SDCL 15–6–9(b) requires that "[i]n all averments of fraud or mistake, the *circumstances* constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." (Emphasis added.)

This court has required that a pleading based on fraud as a basis of recovery of damages must allege all the essential elements of actionable fraud to be sufficient. *Voeller v. Geisler,* 77 S.D. 96, 86 N.W.2d 395 (1957). The essential elements of actionable fraud as set forth in *Northwest Realty Company v. Colling,* 82 S.D. 421, 433, 147 N.W.2d 675, 683 (1966) (citation omitted), are:

"... [T]hat a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage."

In the case before us, the complaint indicates that appellant received notice of the defective fill and compaction from the ar-

chitect. However, appellant later received assurances from the contractor that "he want[ed] to turn the building over to you [appellant] in faultless condition" and that "I have always told you that I am always ready to and willing to make things right and better than they are." Appellants also allege that contractor and architect represented that Holy Cross Auditorium was or would be built in a workmanlike manner and would be properly inspected and failed to indicate that the requests for corrections in the inspection reports were not corrected as per the specifications. In the contract, which was incorporated into the pleadings, the architect agreed to make a final inspection of the work and to issue a final certificate stating that the work as called for in the contract was acceptable. The complaint further alleges that the failure to disclose all the facts regarding the noncompliance with the specifications misled the appellant. Appellant claims damages as a result of these representations.

■ With regard to the contractor, the pleadings indicate that the contractor knowingly misrepresented the actual conditions of the fill to appellant through their assurances that the building would be turned over in faultless condition; that the representations were made with the intent to mislead appellant; that appellant did rely on the representations when it made final payment for a building that was fatally defective; and that appellant was damaged by the misstatements. The complaint adequately pleads a cause of action in fraud against the contractor.

The pleadings are also sufficient to state a cause of action in fraud against the architect. This court has recognized that if a fiduciary relationship exists between the parties, fraudulent concealment can be shown by silence on the part of the one having a duty to disclose. *Hinkle v. Hargens*, 76 S.D. 520, 81 N.W.2d 888 (1957). A fiduciary relationship existed between the architect and appellant with regard to the architect's supervisory functions, *Canton Lutheran Church v. Sovik, Mathre, Etc.*, 507 F.Supp. 873 (D.S.D.1981), and, therefore, the architect had a duty to disclose to appellant any defects that he knew or should have known as a result of his general supervision of the construction site.

Thus, the facts stated in the pleadings suggest that the architect knowingly misrepresented the actual conditions of the fill to appellant when the building was completed and the final certificate was signed assuring the acceptability of the building; that appellant was misled and did rely on these representations; and that appellant was damaged by these representations.

■ In a similar case, the Alabama Supreme Court held as sufficient averments of fraud that the vendor had represented to appellants that a house was constructed in a good and workmanlike manner, was in perfect condition, and was in compliance with various standards. The court found that these allegations stated sufficient "facts out of which the fraud arose." *Loch Ridge Construction Company, Inc. v. Barra*, 291 Ala. 312, 319, 280 So.2d 745, 750 (1973). In the case before us, appellant alleged similar facts which are sufficient to state a claim in fraud.

■ The statute of limitations runs against an action based on fraud in the construction of a building from the date of the discovery of the fraud. SDCL 15–2–3 and 15–2–13. The fraudulent concealment of a cause of action tolls the statute of limitations until the cause of action is discovered or might have been discovered. *Hinkle v. Hargens*, supra. Accordingly, we reverse the dismissal of the cause of action for fraud and deceit against both architect and contractor and remand for trial.

Once the case is remanded for trial on the issue of fraud and deceit, the other issues in the case would become irrelevant or merge into the cause of action for fraud and deceit. A case might be made for negligence, breach of warranty or in strict liability on the grounds that the cause of action did not accrue until discovery of the defects. *See, Society of Mount Carmel v. Fox*, 31 Ill. App.3d 1060, 335 N.E.2d 588 (1975); *Chrischilles v. Griswold*, 260 Iowa 453, 150 N.W.2d 94 (1967); and *Crawford v. Shepherd*, 86

Wis.2d 362, 272 N.W.2d 401 (1978).* However, appellant would have to overcome the fact that notice of defects in the fill was given to the appellant and to the contractor while the building was being erected. If fraud and deceit cannot be proved, this notice of defect during construction would trigger the running of the statute of limitations on negligence and warranty even under the discovery rule. Thus, if appellant has a cause of action at this date, it must be based on the fraudulent concealment by the contractor and architect of the improper fill for the building. Accordingly, the court will not pass on the "discovery rule" on this set of facts.

All issues not specifically addressed are found to be without merit.

We reverse the order and judgment dismissing the cause of action for fraud and deceit against both architect and contractor, and remand for trial on these issues. We affirm the remainder of the order and judgment.

All the Justices concur.

---

* It should be noted that *Alberts v. Giebink*, 299 N.W.2d 454 (S.D.1980), applies only to medical malpractice where the legislature had specifically addressed this issue and had removed medical (and legal) malpractice from those situations where the statute of limitations is triggered from the date the actions *accrued* and placed it in a category where the statute of limitations is triggered from the date the error *occurred.* The legislature did not remove all tort actions from the category based on accrual of the action which indicates some acceptance of the "rule of discovery."