**Robert F. SCHUSTER, Donald R. Schuster, and Larry N. Schuster, Plaintiffs and Appellants,**

v.

**The WOODMEN ACCIDENT AND LIFE COMPANY, a corporation, Defendant and Appellee.**

**No. 14541.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 30, 1984.

Decided Jan. 16, 1985.

Rehearing Denied Feb. 20, 1985.

Philip W. Morgan, Britton, for plaintiffs and appellants.

Harvey A. Oliver of Bantz, Gosch, Cremer & Peterson, Aberdeen, for defendant and appellee.

WOLLMAN, Justice.

Plaintiffs appeal from a summary judgment entered in favor of defendant, the Woodmen Accident Life Company (Woodmen). The trial court granted summary judgment on the ground that the statute of limitations had run on plaintiffs' causes of action. We affirm.

We review the trial court's grant of summary judgment in accordance with the principles set forth in *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968), a recitation of which we deem unnecessary for the purposes of this opinion.

Plaintiff Robert F. Schuster is the father of plaintiffs Donald R. Schuster and Larry N. Schuster. At all times material to this action plaintiffs were operating a farming and cattle feeding operation as an equal partnership. On January 4, 1972, one Derald Bogenrief, an agent for Woodmen, came to plaintiffs' farm for the purpose of trying to persuade them to purchase life insurance from Woodmen. During the course of his meeting with plaintiffs, which lasted from 8:30 a.m. to 4:30 p.m., Bogenrief learned that each of the plaintiffs had a partnership interest valued at approximately $70,000.00. Plaintiffs expressed an interest in purchasing $210,000.00 worth of life insurance. Plaintiffs did not indicate to Bogenrief that they desired either term or whole life insurance.

At the time of the January 4, 1972, conversation with Bogenrief, Larry Schuster was covered by a $10,000.00 select ordinary life insurance policy with Woodmen, which carried an annual premium of $160.30. Also, Robert F. Schuster had previously purchased a $1,000.00 life insurance policy with Woodmen.

Plaintiffs indicated to Bogenrief that any new insurance that they might purchase should take into account insurance that they already owned. During the course of his meeting with plaintiffs, Bogenrief prepared, and plaintiffs signed, applications for life insurance totaling $197,440.00. The applications requested on their face part whole life and part term insurance. Larry Schuster's application requested $15,000.00 of ordinary life insurance and $51,800.00 in fifteen-year decreasing term insurance. The annual premium for this insurance totaled $335.05. Donald Schuster's application requested $15,000.00 ordinary life insurance and $50,320.00 in fifteen-year decreasing term insurance. The annual premium for this insurance totaled $339.66. Robert F. Schuster's application

requested ordinary life insurance in the amount of $15,000.00 and $50,320.00 in fifteen-year decreasing term insurance. The annual premium for this insurance totaled $1,289.50.

The requested policies were duly issued by Woodmen. The total premiums on the three policies amounted to $1,964.21. Had plaintiffs purchased whole life insurance in the amount of $197,440.00, the premiums would have totaled some $5,000.00 annually.

After taking into consideration the policies that had previously been issued to Larry Schuster and to Robert F. Schuster, plaintiffs were covered by $208,440.00 worth of insurance with Woodmen after the issuance of the January 1972 policies.

Each year as the anniversary date of the January 1972 policies approached, plaintiffs were notified by Woodmen of their options under their policies to convert the term portion of the insurance to whole life insurance without submitting further evidence of insurability. The December 16, 1974, reminder letter read in part:

The anniversary date of your Life Insurance policy with its Term Rider is approaching.

When you purchased your Woodmen Accident and Life policy, one of the important benefits provided was the option to convert the Term Rider to a permanent form of Life Insurance without submitting evidence of insurability.

On April 2, 1975, two of Woodmen's agents came to plaintiffs' farm and explained to plaintiffs their option to convert the term portion of their policies to whole life insurance. Because of financial difficulties, Robert F. Schuster was able to convert only approximately $10,000.00 worth of his term insurance to whole life insurance. Larry Schuster and Donald Schuster were financially unable to convert any of their term insurance to whole life insurance. Accordingly, they discontinued the term insurance and kept in force only the basic whole life portion of the policy.

Plaintiffs later experienced additional financial difficulties in their farming and cattle feeding operation and requested that their policies be converted to reduced paid-up policies. Woodmen complied with this request.

Plaintiffs later filed a complaint with the Department of Commerce and Consumer Affairs, Division of Insurance. After that agency cleared Woodmen of any wrongdoing, plaintiffs commenced this action by serving Woodmen with a summons and complaint on July 6, 1981.

As originally served and filed, the complaint alleged causes of actions based upon breach of contract, negligence, and conversion. After the taking of Robert F. Schuster's deposition, plaintiffs stipulated to a dismissal of the cause of action based upon conversion.

Plaintiffs' claim against Woodmen is grounded upon their allegation that Woodmen's agent Bogenrief misrepresented the nature of the insurance that he induced plaintiffs to purchase. Plaintiffs contend that they believed that they were purchasing whole or ordinary life insurance in contrast to the ordinary life insurance, together with the decreasing term coverage, which were issued to them.

SDCL 15–2–13(1) provides that an action upon a contract must be commenced within six years after the cause of action shall have accrued. Likewise, SDCL 15–2–13(6) provides that an action for relief on the ground of fraud must be brought within six years after the cause of action shall have accrued.

Plaintiffs contend that because a cause of action for relief based upon the ground of fraud is not deemed to have accrued until the injured party discovers, or has actual or constructive notice of, the facts constituting the fraud, SDCL 15–2–3, they should have been able to proceed to trial on their theory that their complaint was filed within six years from the date that they discovered Woodmen's alleged fraudulent conduct. Likewise, plaintiffs contend that genuine issues of fact exist with respect to their claims that Woodmen is estopped by its conduct from asserting the statute of

limitations as a defense and that Woodmen has been guilty of continuing breach of contract.

■ It is true that in certain circumstances a defendant may be estopped from raising the statute of limitations as a defense. *See, e.g., Jandreau v. Sheesly Plumbing & Heating Co., Inc.,* 324 N.W.2d 266 (S.D.1982); *Moody v. L.W. Tyler Custom Combiners,* 297 N.W.2d 179 (S.D. 1980); *Arbach v. Gruba,* 89 S.D. 322, 232 N.W.2d 842 (1975); *Willadsen v. Crawford,* 75 S.D. 161, 60 N.W.2d 692 (1953).

■ Likewise, "[t]he fraudulent concealment of a cause of action tolls the statute of limitations until the cause of action is discovered or might have been discovered." *Holy Cross Parish v. Huether,* 308 N.W.2d 575 (S.D.1981); *Hinkle v. Hargens,* 76 S.D. 520, 81 N.W.2d 888 (1957).

■ There is a very real question whether plaintiffs raised the issues of fraud and estoppel in the trial court. *See Jandreau, supra;* and *Holy Cross Parish, supra.* Putting aside that question, we conclude that the record conclusively demonstrates that at the very latest plaintiffs were made aware on April 2, 1975, if in fact they were not aware before that date, of the fact that they had purchased term insurance along with their ordinary life insurance policies. In his affidavit filed in opposition to the motion for summary judgment, Robert F. Schuster stated in part that:

On April 2, 1975 Lybeck and Rowley [Woodmen's agents] came again, after they had telephoned, and after a couple of hours discussion they finally convinced me to change my term insurance to life insurance. This was the first I really knew that I had been sold term insurance instead of life insurance.

Likewise, in his deposition Robert F. Schuster acknowledged that as of April 2, 1975, he knew that he had purchased term insurance along with the ordinary life insurance coverage. In view of these admissions, we need not determine whether the other evidence in the record conclusively established that plaintiffs were aware prior to six years from the date they filed suit of the exact nature of the insurance which they had purchased on January 4, 1972. It does appear quite clearly from the evidence, however, that agent Bogenrief took into consideration plaintiffs' financial ability to purchase additional life insurance, their respective partnership interests, and their existing life insurance coverage. As experienced farmers and cattle feeders, plaintiffs surely must have known that they could not possibly have purchased some $200,000.00 worth of ordinary life insurance for a total annual premium of less than $2,000.00. Whatever their knowledge on the date they applied for the policies, plaintiffs subsequently acquired clear knowledge of the exact nature of their policies more than six years prior to the date they commenced their action.

The summary judgment is affirmed.

All the Justices concur.

WUEST, Circuit Judge, Acting as Supreme Court Justice, participating.