**Melva Joyce JUMPER, a/k/a Lacee J. Jumper, Plaintiff,**

v.

**HEALTHONE CORPORATION, formerly Health Center System, Inc., d/b/a Dakota Midland Hospital; Carlton J. Kom, M.D.; and Jerome A. Eckrich, Jr., M.D., Defendants.**

Civ. No. 87–1036.

United States District Court,
N.D. South Dakota.

Oct. 28, 1988.

Bradley G. Bonynge, Sioux Falls, S.D., for plaintiff.

Harvey C. Jewett, Reed Rasmussen, Philo Hall, of counsel, Siegel, Barnett & Schutz, Aberdeen, S.D., for defendant Healthone Corp.

Harold C. Doyle, May, Johnson, Doyle & Becker, P.C., Sioux Falls, S.D., for defendants Carlton J. Kom, M.D. and Jerome A. Eckrich, Jr., M.D.

MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

The Court takes jurisdiction of this medical malpractice case based upon the diversity of citizenship of the parties. 28 U.S.C. § 1332. Plaintiff specifically alleges that defendants were negligent in failing to remove from her a drain implanted in connec-

---

tion with surgery. Defendants have responded by moving for summary judgment.

## I. FACTS.

Surgery was performed upon the plaintiff on September 10, 1981. Two Penrose drains were used to help heal the wound. A nurse on duty marked on the plaintiff's chart that one of the drains had fallen out, when in fact the drain had fully worked its way into the plaintiff's body. Defendants discharged plaintiff on September 18, 1981.

## II. DISCUSSION AND ANALYSIS.

### A. *Standard for Summary Judgment.*

Summary judgment is an extreme remedy and should be granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party opposing a motion for summary judgment is entitled to all reasonable inferences to be drawn from the facts and all facts are to be viewed in the light most favorable to that party. *Hassett v. Lemay Bank and Trust Co.,* 851 F.2d 1127, 1129 (8th Cir. 1988) (citing *Portis v. Folk Constr. Co.,* 694 F.2d 520, 522 (8th Cir.1982)).

### B. *Statute of Limitations.*

Defendants' motion for summary judgment is based upon the contention that plaintiff's action is untimely. Defendants point to the gap between the discharge date of September 18, 1981, and the filing of the action just under six years later. South Dakota Codified Law section 15–2–14.1 provides for a two-year statute of limitations for medical malpractice actions.[1]

Plaintiff points to a variety of factors to suggest that her claim should not be time-barred. The foremost of these is that the plaintiff did not become aware of the alleged negligent acts, or the consequences thereof, until just over a year prior to filing the action. Although this fact does not in itself entitle the plaintiff to proceed with her cause of action, it is an essential element of those theories that might allow her to continue.

The inability of a plaintiff to discover alleged acts of malpractice does not automatically toll the statute of limitations. This is because the South Dakota Legislature has repealed the so-called "discovery" exception.[2] The South Dakota Supreme Court has indicated its willingness to act in deference to that legislative decision. *Alberts v. Giebink,* 299 N.W.2d 454, 455–56 (S.D.1980). The discovery exception, which is recognized in most jurisdictions, would otherwise toll the statute of limitations during the period in which the plaintiff is unaware of the acts of malpractice. *Id.*

A distinctive characteristic of the present case is that it involves a surgical procedure where the foreign object (e.g., the drain) was intentionally placed in the patient's body. Any negligence involved was the result not of the placement of the drain, but rather of the failure to remove the drain. If such removal was in fact part of the intended treatment, then it cannot really be said that the treatment is completed until such time as the object is removed.

The affidavit of Dr. Carlton Kom makes manifest that treatment of the plaintiff included removing the drains. Indeed, in his affidavit, the doctor explicitly states that he had "absolutely no intention at any time of allowing a Penrose drain to remain in

---

1. The precise wording of SDCL 15–2–14.1 is as follows:

 **15–2–14.1. Time for bringing medical malpractice actions—Counterclaims—Prospective application.** An action against a physician, surgeon, dentist, hospital, sanitarium, registered nurse, licensed practical nurse, chiropractor, or other practitioner of the healing arts for malpractice, error, mistake or failure to cure, whether based upon contract or tort, can be commenced only within two years after the alleged malpractice, error, mistake or *failure to cure* shall have occurred, provided, a counterclaim may be pleaded as a defense to any action for services brought by a physician, surgeon, dentist, hospital, sanitarium, registered nurse, licensed practical nurse, chiropractor, or other practitioner of the healing arts after the limitation herein prescribed, notwithstanding it is barred at the time the claim was sued or originated, but no judgment thereon except for costs can be rendered in favor of the party so pleading it.

 This section shall be prospective in application only.
 (Emphasis added.)

2. 1976 S.D. Sess. Laws ch. 145, § 4.

Plaintiff's body subsequent to her discharge from Dakota Midland Hospital.''

 The alleged act of malpractice, therefore, is the failure to remove the drain along with the failure to inform plaintiff that the drain was still inside her. The *Alberts v. Giebink* opinion posits that such a failure, if proven, amounts to a continuing tort. 299 N.W.2d 454, 456 (S.D.1980). The opinion further notes that when a tort involves a continuing injury, the cause of action accrues and the statute of limitations begins only after the wrong is stopped. *Id.* This fact, when combined with defendants' duty to inform plaintiff of any foreign objects left in her body, makes clear the applicability of the *Alberts* exception.

 The cornerstone of the *Alberts* exception is twofold. First, the exception relies upon the fact that the tort is continuing as opposed to the fact that treatment is continuing. *Alberts v. Giebink*, 299 N.W. 2d 454, 456 (S.D.1980). This differs from those cases that discuss the continuing treatment theory. The second distinguishable characteristic of the *Alberts* case is that the foreign object was intentionally placed in the patient's body. *Id.* Defendants vigorously assert that this is in variance with the present case. The defendants base this argument on the proposition that their *leaving* the drain in the plaintiff's body was accidental and unintentional. But this misses the point. It is the act of *implanting* the drains that is determinative. The act of implanting the drains by the defendants was intentional and deliberate. This parallels the *Alberts* case where a Steinmann pin was inserted in the plaintiff's knee. In both cases, the foreign object was intentionally inserted as part of a comprehensive treatment approach. For this reason, the law developed in *Alberts* controls the present action.

Accordingly, this Court finds it appropriate to deny the defendants' motion for summary judgment.