Kevin KAYSER, Appellee,

v.

SOUTH DAKOTA STATE ELECTRICAL
COMMISSION, Appellant.

No. 18235.

Supreme Court of South Dakota.

Considered on Briefs on Oct. 7, 1993.

Decided March 2, 1994.

E. Steeves Smith, Patrick T. Smith of Tinan, Smith and Bucher, Mitchell, for appellee.

Mark Barnett, Atty. Gen., Scott Bogue, Asst. Atty. Gen., Pierre, for appellant.

PER CURIAM.

The South Dakota State Electrical Commission (hereinafter "the Commission") appeals a circuit court order reversing the Commission's order that had revoked Kevin Kayser's permit as an electrical contractor. We affirm.

## FACTS

Kayser is an electrician with an electrical contractor's permit issued by the Commission pursuant to SDCL chapter 36–16. The Commission not only issues permits to electrical contractors, but also monitors and inspects electrical work done by those electrical contractors to ensure compliance with approved standards for the installation of electrical work. The Commission requires electrical contractors to file a wiring certificate within fifteen days after the start of each new electrical job. S.D.Admin.R. 20:44:04:03. The Commission uses these wiring certificates to monitor and inspect the electrical work performed by each electrical contractor.

Kayser has a history of filing his wiring certificates late. In May of 1990, the Commission found Kayser had failed to file his

wiring certificates in a timely fashion. The Commission suspended Kayser's electrical contractor permit for one year, but waived the suspension on condition that Kayser pay one hundred dollars in administrative fees and have no further violations. Similarly, in March 1991, the Commission found that Kayser had failed to file his wiring certificates in a timely fashion. Again, the Commission suspended his permit for one year, but waived the suspension on condition that Kayser pay two hundred and fifty dollars in administrative fees and have no further violations.

The matter at the center of this appeal arose in January 1992 when, after a contested hearing, the Commission found that Kayser had failed to file timely wiring certificates for eight electrical jobs. The Commission entered an order *revoking* Kayser's electrical contractor permit.

Kayser appealed and the circuit court reversed the Commission's order after concluding that the Commission lacked authority to revoke an electrical contractor's permit based solely on late wiring certificates. The Commission appeals the decision of the circuit court.

## DECISION

The Commission contends that it has statutory authority to revoke Kayser's license based on his failure to file timely wiring certificates. The Commission relies on SDCL 36–16–33, which provides:

> The state electrical board may, in compliance with chapter 1–26, revoke a permit at any time provided such registered person *fails to perform the electrical work in accordance with the approved standards* provided for in this chapter. (emphasis added).

■ The issue here is whether the legislature intended SDCL 36–16–33 to authorize the Commission to revoke an electrical contractor's permit because he filed wiring certificates late. The circuit court reviewed the entire statutory scheme relating to the Commission and concluded that the legislature did not intend the Commission to have authority to revoke a permit because of late wiring certificates. In administrative appeals, the standard of review is governed by SDCL 1–26–36 and 37. Questions of law are fully reviewable and this Court need not give any special deference to the trial court's conclusions of the law. *In re State & City Sales Tax Liab.*, 437 N.W.2d 209, 210–11 (S.D. 1989) (citing *Permann v. Dept. of Labor, Unemp. Ins. Div.*, 411 N.W.2d 113 (S.D. 1987)).

■ What did the legislature intend when it used the phrase, "fails to perform the electrical work in accordance with the approved standards"? This Court interprets statutes according to their plain and ordinary meaning. *Cimarron Ins. Co. v. Croyle*, 479 N.W.2d 881, 886 (S.D.1992). As the circuit court concluded, the plain meaning of that phrase refers to the actual electrical work.[1] Accordingly, when an electrical contractor does not or can not properly install electrical wiring, the Commission may revoke that electrician's license. Thus, on its face, the plain meaning of the statute seems to authorize permit revocation only for failure to perform actual electrical work in accordance with approved standards.

■ To determine legislative intent the Court must look at the statute as a whole, as well as enactments relating to the same subject. *AT & T Info. Sys. v. South Dakota*, 405 N.W.2d 24, 27 (S.D.1987). Looking at the other enactments concerning wiring certificates provides confirmation that the legislature did not intend the Commission to revoke permits for untimely wiring certificates. In SDCL 36–16–30, the legislature specified that the Commission may establish and collect administrative fees for *late* wiring certificates.[2] Those administrative fees are the

---

1. The "approved standards" for electrical work discussed in SDCL 36–16–33 are clearly delineated in S.D.Admin.R. 20:44:05:04, which reads:
   The published standards of a nationally recognized electrical testing laboratory ... shall be prima facie evidence that such electrical materials, devices, and appliances are in conformity

and listed for installation under the provisions of this article.

2. SDCL 36–16–30 provides in pertinent part:
   The state electrical commission may promulgate rules, pursuant to chapter 1–26, to establish and collect inspection fees for: ... *each*

only remedy the legislature specified relating to late wiring certificates. The legislature certainly could have, but did not, authorize the Commission to revoke an electrician's permit for frequent untimely wiring certificates.

The Commission has adopted regulations under SDCL 36–16–30. S.D.Admin.R. 20:44:04:03 spells out the procedure and form for filing a wiring certificate and *specifies the inspection fee for late wiring certificates.*[3] Now, the Commission argues that imposing administrative fees is not an "effective means" of ensuring compliance with its administrative rules regarding the filing of wiring certificates. That argument disregards the Commission's ability to revise its administrative rules to impose higher fees for late wiring certificates. Furthermore, the Commission is ignoring its authority to disapprove electrical work its inspectors are unable to inspect properly because of untimely filing of a wiring certificate. *See* SDCL 36–16–27, 36–16–29, and 36–16–31.

If the Commission believes the current statutory scheme does not provide an "effective means" to ensure compliance with its rules, it should seek appropriate revisions from the legislative branch. *See State v. Fryer,* 496 N.W.2d 54 (S.D.1993); *Finck v. City of Tea,* 443 N.W.2d 632 (S.D.1989). As we have previously held:

> In applying legislative enactments, we must accept them as written. The legisla-

tive intent is determined from what the legislature said, rather than from what we or others think it should have said.

> While it is fundamental that we must strive to ascertain the real intention of the lawmakers, it is equally fundamental that we must confine ourselves to the intention as expressed in the language used.

*In re Famous Brands, Inc.,* 347 N.W.2d 882, 885 (S.D.1984) (citations omitted). Based on the plain meaning of the language in SDCL 36–16–33, we conclude that the legislature did not intend to authorize the Commission to revoke Kayser's permit solely because he filed late wiring certificates. Instead, the legislature gave the Commission authority to set and collect administrative fees for such transgressions. As the trial court correctly concluded, the Commission was only authorized to impose those administrative fees against Kayser as a result of his late wiring certificates. We affirm the trial court.

MILLER, C.J., and HENDERSON, SABERS and AMUNDSON, JJ., participating.

WUEST, J., disqualified.

---

*late correction order or wiring certificate procedure;* ... wiring certificates ...

**3.** S.D.Admin.R. 20:44:04:03 provides, in pertinent part:

> All electrical installations, including new jobs and additional work on old installations, covered by this article and SDCL 36–16, shall have an electrical wiring certificate executed by the electrical contractor, Class B electrician, or owner doing electrical wiring on his own residence or farmstead in compliance with SDCL 36–16–15. The commission shall

provide the certificate. A certificate shall consist of six forms. The procedure for executing the certificate is as follows:

> (1) Within 15 days after starting a job on a structure with an electrical installation which is subject to inspection, the installer shall send Form No. 1 and Form No. 2 to the office of the commission along with the required inspection fee. *When Form No. 1 and Form No. 2 and the inspection fee are not sent in within 15 days after the start of the job, the installer is subject to a $50 administrative fee.* ... (emphasis added).