Robert KOENIG, Plaintiff and Appellant,

v.

Father William LAMBERT, Defendant,

and

Diocese of Rapid City, Defendant and Appellee.

Nos. 18701, 18801.

Supreme Court of South Dakota.

Argued Nov. 29, 1994.

Decided Feb. 8, 1995.

Rick Johnson of Johnson, Eklund, Nicholson, Dougherty and Abourezk, Gregory, for appellant.

Jeffrey G. Hurd of Bangs, McCullen, Butler, Foye and Simmons, Rapid City, for appellee Father William Lambert.

Jeffrey L. Viken of Viken, Viken, Pechota, Leach and Dewell, Rapid City, for appellee Diocese of Rapid City.

DOBBERPUHL, Circuit Judge.

## FACTS AND PROCEDURE

The following facts were admitted by defendant for the purposes of this motion. From 1958 to 1975, Robert Koenig (Koenig) was sexually abused by Father William Lam-

bert (Lambert), a Catholic priest who was located in Fairfax, South Dakota at the time. Under the pretenses of observing Koenig in the act of his confessed sin of masturbation, Lambert first abused Koenig by fondling him. Koenig was twelve or thirteen years old at the time of this first incident. Over the next seventeen years, Lambert repeatedly abused Koenig, including forcibly raping him. It was not until 1991, through therapy, that Koenig began to realize that he had been the victim of abuse. He filed a complaint against both Lambert and the Diocese of Rapid City (Diocese) on April 17, 1992. On August 13, 1992, Lambert moved for summary judgment on the grounds that Koenig's claims were barred by the statute of limitations. On September 4, 1992, the Diocese did likewise. On February 1, 1994, Circuit Judge John K. Konenkamp granted partial summary judgment in favor of the Diocese. Koenig filed a motion for reconsideration on February 14, 1994, but that motion was denied in an order dated May 27, 1994. Koenig then brought this appeal pursuant to SDCL 15–26A–3.

## DECISION

### I. *SUMMARY JUDGMENT STANDARD*

Our standard of review for a grant or denial of summary judgment is well settled:

In reviewing a grant or denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The non-moving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

*Kansas Gas & Elec. Co. v. Ross*, 521 N.W.2d 107, 111 (S.D.1994) (citing *Ashby v. North-*

*western Public Service Co.*, 490 N.W.2d 286, 288 (S.D.1992)); *Waddell v. Dewey County Bank*, 471 N.W.2d 591, 593 (S.D.1991); *Garrett v. BankWest, Inc.*, 459 N.W.2d 833, 836–37 (S.D.1990); *Pickering v. Pickering*, 434 N.W.2d 758, 760–61 (S.D.1989). With this standard in mind, we examine the issues raised in this case.

### II. *WHETHER TO APPLY SDCL 26–10–25 TO THE CASE BEFORE THE COURT*

■ The interpretation of a statute is a question of law and is fully reviewable by this Court. *State of Minnesota, ex. rel. Hove v. Doese*, 501 N.W.2d 366, 368 (S.D.1993) (citing *Matter of SDDS, Inc.*, 472 N.W.2d 502, 507 (S.D.1991)). Koenig urges the Court to apply SDCL 26–10–25 to this case. SDCL 26–10–25, adopted in 1991, provides:

Any civil action based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse shall be commenced within three years of the act alleged to have caused the injury or condition, or three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by the act, whichever period expires later.

This Court declines to apply this statute for two reasons.

■ First, since the last incident of abuse was in 1975 and SDCL 26–10–25 was not enacted until 1991, the statute would have to be applied retroactively. SDCL 2–14–21 provides that, "No part of the code of laws enacted by § 2–16–13 shall be construed as retroactive unless such intention plainly appears." In reading SDCL 26–10–25 et seq., there is no expression of such an intention by the South Dakota Legislature. *See West v. John Morrell & Co.*, 460 N.W.2d 745 (S.D. 1990); *Gasper v. Freidel*, 450 N.W.2d 226 (S.D.1990); *Matter of Adams*, 329 N.W.2d 882 (S.D.1983).

■ Second, even if SDCL 26–10–25 was to be applied retroactively, this Court previously held that a cause of action barred by the applicable statute of limitations cannot be revived by a subsequent change in the law which extends the time for bringing that

particular cause of action. *State of Minnesota, ex rel. Hove,* 501 N.W.2d at 369. In so doing, this Court has aligned itself with the great majority of the courts which have considered this question. *Id.* (citations omitted). Therefore, SDCL 26–10–25 cannot be applied to this case, and the applicable statute of limitations is SDCL 15–2–14, which was in force at the time of the last incident of abuse. SDCL 15–2–14 provides in relevant part:

> Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within three years after the cause of action shall have accrued:
>
> (3) An action for personal injury.

Therefore, under this statute, Koenig had three years in which to bring this suit from the time the cause of action accrued.

Koenig contends that the three year period does not start to run until Koenig discovered his injuries. However, this Court has held that the three year period starts to run from the last occurrence of tortious conduct, rather than three years from the discovery of the harm. *Shippen v. Parrott,* 506 N.W.2d 82, 85 (S.D.1993). We stated in no uncertain terms in that case, "The legislature has thus acknowledged and rejected a discovery rule in South Dakota. We cannot abridge that intent." *Id.* at 85 (citing *Alberts v. Giebink,* 299 N.W.2d 454, 455 (S.D.1980)).

Applying the above analysis to the facts of this case, it is clear that the statute of limitations on Koenig's claims ran out long before SDCL 26–10–25 was enacted by the South Dakota Legislature. Since the last alleged incident of abuse was in 1975, Koenig's claims were time barred under SDCL 15–2–14(3) as early as 1978. The only way Koenig can be allowed to proceed with his claim against the Diocese is if he can show fraudulent concealment by the Diocese of his cause of action.

III. *WHETHER A QUESTION OF MATERIAL FACT EXISTS AS TO THE DIOCESE'S ALLEGED FRAUDULENT CONCEALMENT OF KOENIG'S CAUSE OF ACTION*

■ The law concerning fraudulent concealment is well established in South Dakota and was recently discussed in *Conway v. Conway,* 487 N.W.2d 21, 23 (S.D.1992):

> However, this statute of limitations [SDCL 15–2–13] will be tolled until the cause of action is discovered or might have been discovered, if there is fraudulent concealment of the cause of action. *Glad v. Gunderson, Farrar, Aldrich,* 378 N.W.2d 680, 682 (S.D.1985); *Accord, Holy Cross Parish v. Huether,* 308 N.W.2d 575, 577 (S.D. 1981); *Hinkle v. Hargens,* 76 S.D. 520, 524–25, 81 N.W.2d 888, 890–91 (1957). In summary judgment proceedings, where the defendant asserts the statute of limitations as a bar to the action, and presumptively establishes the defense by showing the case was instituted beyond the statutory period, the burden then shifts to the plaintiff to establish the existence of material facts in avoidance of the statute of limitations, e.g., fraudulent concealment of the course of action. *Kurylas, Inc. v. Bradsky,* 452 N.W.2d 111, 117 (S.D.1990); *Glad,* 378 N.W.2d at 682; *see, McMahon v. Snap On Tool Corp.,* 478 N.E.2d 116, 120 (Ind.App.1985); *Conard v. Waugh,* 474 N.E.2d 130, 134 (Ind.App.1985).

This Court further elaborated on the doctrine of fraudulent concealment:

> This Court has long recognized fraudulent concealment of a cause of action as an implied exception to the statute of limitations. *Glad,* 378 N.W.2d at 682; *Holy Cross Parish,* 308 N.W.2d at 577; *Hinkle v. Hargens,* 76 S.D. 520, 525, 81 N.W.2d 888, 891 (1957). In *Hinkle* we stated:
>
> > In the absence of some trust or confidential relationship between the parties there must be some affirmative act or conduct on the part of the defendant designed to prevent, and which does prevent, the discovery of the cause of action. Mere silence, in the absence of a duty to speak, is not ordinarily sufficient. Where, however, a trust or other confidential relationship does exist between the parties, silence on the part of one having the duty to disclose, constitutes fraudulent concealment in the ab-

sence of any affirmative act. (emphasis added).

> *Hinkle,* 76 S.D. at 525, 81 N.W.2d at 891; *Glad,* 378 N.W.2d at 682; *see also, Holy Cross Parish,* 308 N.W.2d at 577. In South Dakota, if a trust or confidential relationship exists between the parties, which imposes a duty to disclose, mere silence by the one under that duty constitutes fraudulent concealment. *Glad,* 378 N.W.2d at 682, 683. The applicable statute of limitations is then tolled. *Id.* at 683. The silence must concern defects which the party with the duty to disclose knew or should have known. *Holy Cross Parish,* 308 N.W.2d at 577.

*Id.* at 23, 24. The law being set out above, this Court must determine if there exists a question of material fact as to whether the Diocese was guilty of fraudulent concealment which would toll the statute of limitations.

The Court finds that there exists a question of material fact as to the knowledge by the Diocese of the abuse suffered by Koenig at the hands of Lambert. There are several pieces of evidence which lead us to that conclusion.

First, there is a letter from Lambert to the Bishop responding to certain accusations made against Lambert by a fellow priest, Father Villwock. The letter states that Father Villwock had made the accusations to the states attorney, and that the allegations concerned the "young people around here." The letter also states that the accusations were "pretty serious."

There is also the testimony by Koenig that before he had even graduated high school he bartended parties for Lambert, parties at which the guests were other priests and the Bishop. Koenig further testified that Lambert would become drunk and openly affectionate with him at some of those parties.

Lastly, there is the fact that the abuse by Lambert took place over a period of seventeen years, and seventeen different priests heard confession of the various incidents between Lambert and Koenig. Such widespread and longlasting abuse certainly raises a question of fact as to whether the Diocese was aware of it.

■ As was stated above, if there existed a trust or confidential relationship between the Diocese and Koenig then silence on the part of the Diocese is sufficient for this Court to find that the Diocese fraudulently concealed the cause of action from Koenig, thereby tolling the statute of limitations. We find that such a relationship existed, and, therefore, silence on the part of the Diocese, if it in fact knew of the misconduct by Lambert, is enough to constitute fraudulent concealment and toll the statute of limitations.

The Diocese and its members were not only acting as members of the church, they were also acting as agents or representatives of God. Koenig, as a Catholic parishioner and altar boy, was taught to trust and respect the members of the Diocese. Koenig put his trust and faith in the members of the Diocese, and was encouraged to do so by the Diocese.

This Court has found relationships of trust or confidence several times in the past, including the relationships between doctor and patient (*Hinkle,* 81 N.W.2d at 891), architect and client (*Holy Cross Parish,* 308 N.W.2d at 577), attorney and client (*Glad,* 378 N.W.2d at 682), and tenants in common (*Conway,* 487 N.W.2d at 24). Certainly if there is a trust relationship in those instances there must also be one between a Diocese and the members of the faith it purports to serve.

Accordingly, we reverse the order of summary judgment dismissing the Diocese from this suit and remand for a trial on the issues of whether the statute of limitations has been tolled and, if so, the Diocese's liability for the injuries suffered by Koenig.

MILLER, C.J., AMUNDSON, J., and WUEST, Retired Justice, concur.

SABERS, J., concurs in part and dissents in part.

DOBBERPUHL, Circuit Judge, for KONENKAMP, J., disqualified.

SABERS, Justice (concurring in part and dissenting in part).

I concur except that I dissent on Issue II.

The question is simply whether the Legislature *intended* SDCL 26–10–25 to apply to *all* acts of intentional conduct or only to those acts of intentional conduct occurring after the effective date of the statute.

It is obvious from a *plain* reading of SDCL 26–10–25 and 26–10–29 that the Legislature intended SDCL 26–10–25 to apply to all acts of intentional childhood sexual abuse conduct because SDCL 26–10–29 defines childhood sexual abuse as *any act* committed by defendant which act would have been a violation of SDCL ch. 22–22 (sex offenses) or prior laws of similar effect at the time the act was committed which act would have constituted a felony."

SDCL 26–10–25 through 29 were passed as a whole in 1991. 1991 S.D. Session Laws, ch. 219, §§ 1–5. We look at the statute as a whole, as well as any enactments relating to the same subject when determining the intent of a statute. *Kayser v. S.D. State Elec. Com'n,* 512 N.W.2d 746, 747 (S.D.1994). "A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent." 2A Sutherland, *Statutes and Statutory Construction,* § 46.05 (Singer ed., 5th ed. 1992). "[I]t is not proper to confine interpretation to the one section to be construed." *Id.* "[I]f retroactive impact is clearly intended for some of the provisions of an act, it seems logical to assume that the legislature intended retroactive impact for them all." *Matter of Heuermann,* 90 S.D. 312, 321, 240 N.W.2d 603, 608 (1976).

If the Legislature had not intended the statute to apply to all acts, there would be absolutely no reason to incorporate by reference all similar *laws prior* to SDCL ch. 22–22.

Chapter 22–22 has the Penal Code of 1877 as its original source. Therefore, the Legislature intended SDCL 26–10–25 to apply retroactively to all prior laws of similar effect, even those dating back to 1877. If the Legislature had only intended SDCL 26–10–25 to apply to future acts of childhood sexual abuse, it would have simply defined the term and not incorporated by reference SDCL ch. 22–22 or prior laws of similar effect. Therefore, the Legislature obviously intended SDCL 26–10–25 to apply to this case.

SDCL 26–10–25 is a statute of limitation which provides a remedy for childhood sexual abuse up to three years after the victim should have reasonably discovered the injury or condition was caused by the act. Statutes affecting remedy or procedure are to be given retroactive effect. *Lyons v. Lederle Laboratories,* 440 N.W.2d 769, 770 (S.D.1989) (citation omitted); 2 *Sutherland, supra* at § 41.09 (procedural statutes are often applied retroactively); *State v. Kelley,* 588 So.2d 595, 597 (Fla.App. 1 Dist.1991) (procedural and remedial statutes may be applied retroactively). "Statutes of limitation are remedial, not substantive." *Lyons,* 440 N.W.2d at 770 (citations omitted); *see Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628, 1636 (1945) (as a matter of constitutional law, statutes of limitation go to matter of remedy, not to destruction of fundamental rights). "[S]tatutes of limitation remain remedial even though their application may be dispositive of the outcome in a given case." *West v. John Morrell & Co.,* 460 N.W.2d 745, 748 (S.D.1990) (Sabers, J., concurring in result, Miller, C.J., joining). "A statute of limitations does not create or extinguish a right, but only places a limitation on a remedy which may be tolled or waived." *Millman v. County of Butler,* 235 Neb. 915, 458 N.W.2d 207, 219 (1990) (citations omitted) (statute of limitations is an affirmative defense and burden is on defendant to prove such defense). Statutes of limitation do not operate as a substantive right, only as a remedy. *Dishon v. Oliver,* 402 A.2d 1292, 1294 (Me.1979).

Statutes involving practice, procedure, or remedies are to be applied retroactively. *Howell v. Spokane & Inland Emp. Blood Bk.,* 114 Wash.2d 42, 785 P.2d 815, 818 (1990); *see Lyons,* 440 N.W.2d at 770. The court may look to a public policy to be furthered by retroactive application of the limitations period. *See Howell,* 114 Wash.2d 42, 785 P.2d at 818. Here, the Legislature provides the opportunity to establish the liability of those committing childhood sexual abuse and to compensate the victims. SDCL 26–10–25 and 29. The Legislature made the laws apply to all similar crimes similarly defined under previous laws. SDCL 26–10–

29. "[T]he statute plainly reflects awareness of the difficulty sexual abuse victims have in identifying and recognizing their injuries immediately." *K.E. v. Hoffman,* 452 N.W.2d 509, 513–14 (Minn.App.1990) (retroactively applying sexual abuse statute invoking discovery rule even though cause of action was originally time-barred). Therefore, SDCL 26–10–25 and SDCL 26–10–29 should be applied retroactively.*

Our remand to the trial court should include Issue II consistent with this dissent.

---

* The majority's reliance on *Hove,* 501 N.W.2d at 369, is misplaced. In *Hove,* the Legislature deleted a phrase from the earlier statute which the majority held removed any intention for retroactive effect. 501 N.W.2d at 368. That is not the case here. The Legislature has plainly called for retroactive application of SDCL 26–10–25 when read in conjunction with SDCL 26–10–29. The *discovery rule applies to all childhood sexual* abuse crimes, even those committed under previous laws. SDCL 26–10–29. The majority's reliance on *Shippen,* 506 N.W.2d 82, is also misplaced. The *Shippen* suit was brought in 1989, before this discovery rule was adopted in 1991. 1991 S.D.Sess.Laws, ch. 219 § 1. Here, suit was brought after adoption of SDCL 26–10–25 and 29.